# Richmond

## AZALEA CORPORATION v. CITY OF RICHMOND.

March 7, 1960.

Record No. 5041.

Present, All the Justices.

The opinion states the case.

*William H. King* and *John Riely* (*McGuire, Eggleston, Bocock & Woods; Hunton, Williams, Gay, Moore & Powell*, on brief), for the appellant.

*J. Elliott Drinard, City Attorney* (*C. B. Mattox, Jr., Assistant City Attorney*, on brief), for the appellee.

I'Anson, J., delivered the opinion of the court.

On April 23, 1958, Azalea Corporation, hereinafter referred to as Azalea, owner of a tract of land containing approximately 40 acres, of which 8.2 acres lie in the city of Richmond and the remainder in Henrico county, applied to the commissioner of buildings of the city of Richmond for a permit to construct three private driveways, each 35 feet wide, across its strips of land in the city in order to provide access to its adjacent land in the county, on which it proposes to erect a regional shopping center and parking area in connection therewith. Two of the driveways are to connect with Westbrook avenue and one with Brook road.

The permit was denied by the commissioner of buildings on the ground that the property was zoned for residential purposes, and the building of access driveways across Azalea's land in the city would violate the city's zoning ordinance.

While Azalea took the position that the zoning ordinance of the city was not applicable, it nevertheless appealed to the board of zoning appeals, pursuant to § 17.19 of the charter of the city of Richmond,[1] requesting the granting of a variance in the regulations of the zoning ordinance, in accordance with § 17.20(a) and (b)

---

[1] For charter provisions see Acts of Assembly, 1948, ch. 116, p. 175, 253-257.

of the charter. After a hearing the board affirmed the action of the commissioner of buildings, stating its reasons as follows:

"Whereas, the applicant failed to establish any hardship approaching confiscation with regard to the parcels of real estate within the city limits or any unusual condition whereby the zoning ordinance unreasonably restricts the use of the said parcels and the Commissioner of Buildings was right in denying the certificate of occupancy;

"NOW, THEREFORE, BE IT RESOLVED, that the board hereby affirms the decision of the Commissioner of Buildings denying the certificate of occupancy and also denying the application for a variance."

From this action of the board of zoning appeals, Azalea appealed to the Law and Equity Court of the City of Richmond, as provided by § 17.22 of the charter and § 15-825, Code of 1950, 1956 Replacement Volume. After a *de novo* hearing on an agreed statement of facts and evidence heard *ore tenus*, the court affirmed the action of the board and we granted this appeal.

Azalea contends that the lower court erred: (1) In refusing to admit in evidence certain testimony and exhibits relating to property values and the effect of granting or denying the certificate of occupancy sought; and (2) In affirming the decision of the board of zoning appeals, because the refusal to grant a variance in the zoning regulations was arbitrary and unreasonable and constituted an abuse of discretion.

The attached diagram will show the tract of land involved and illustrate some of the pertinent factors hereinafter discussed.

All the land in question, except the Virginia Electric & Power Company right of way and that land lying northeasterly thereof, was acquired by Azalea from Westbrook Sanatorium, Inc. The VEPCO right of way was acquired by Azalea while this proceeding was pending in the court below. The land lying northeast of the right of way was acquired at some prior time.

That portion of the 40-acre tract lying within the corporate limits of the city of Richmond consists of a strip of land 210 feet deep fronting approximately 926 feet on the north side of Westbrook avenue, and a strip 200 feet deep fronting approximately 1270 feet on the west side of Brook road.

All of Azalea's land lying in the county of Henrico, consisting of approximately 31.8 acres, was zoned in 1957 for commercial use.

AZALEA CORPORATION
——— OUTLINE OF PROPERTY OWNED (1958)
— — — CITY-COUNTY LINE
ACREAGES ARE PROPERTY IN COUNTY

Section 17.20 of the city charter sets out the powers of the board of zoning appeals and, so far as relevant here, provides that:

"The board shall have the following powers *and it shall be its duty:*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"(b) To grant variations in the regulations when a property owner can show that his property was acquired in good faith and where by reason of the exceptional narrowness, shallowness or shape of a specific piece of property at the time of the effective date of the ordinance

or where by reason of the exceptional topographical conditions or other extraordinary or exceptional situation the strict application of the terms of the ordinance actually prohibit or unreasonably restrict the use of the property, or where the board is satisfied, upon the evidence heard by it, the granting of such variation will alleviate a clearly demonstrable hardship approaching confiscation as distinguished from a special privilege or convenience sought by the owner, provided, however, that all variations granted shall be in harmony with the intended spirit and purpose of this chapter and the ordinance." (Italics supplied.)

Section 17.20(b) contains the typical provisions usually found in legislation of this character. This section evidences a clear recognition that there will arise from time to time exceptional situations which will justly call for the granting of individual variances within the prescribed legislative conditions and standards and in harmony with the intended spirit and purpose of zoning ordinances, thereby providing a safeguard from unreasonable restrictions on the use of property. See 62 C. J. S., Municipal Corporations, § 227(10), p. 528; 58 Am. Jur., Zoning, § 196, p. 1046.

In determining whether a variance for a particular piece of property shall be granted, the board must consider each case on its own peculiar facts or merits. In the performance of this duty the board is clothed with discretionary power, but this power must be exercised intelligently, fairly, within the domain of reason, and not arbitrarily. *Board of Zoning Appeals* v. *Combs*, 200 Va. 471, 475, 106 S. E. 2d 755, 758; 58 Am. Jur., Zoning, § 198, p. 1048.

■ Section 17.24 of the charter sets out the power of the court to modify or reverse the order of the board "when it is satisfied that the decision of the board is contrary to law, or that its decision is arbitrary and constitutes an abuse of discretion."

In considering appeals from a board of zoning appeals, courts are to be guided by the principles set out in the recent case of *Board of Zoning Appeals* v. *Combs, supra,* in which Mr. Justice Miller said (200 Va. at p. 477, 106 S. E. 2d at p. 759): "The court may not disturb the board's decision unless it has applied erroneous principles of law or where the board's discretion is involved unless the evidence before the court proves to its satisfaction that the board's decision

is plainly wrong and violative of the purpose and intent of the zoning ordinance."

Azalea's land within the corporate limits of the city of Richmond was zoned for residential purposes when the city adopted its zoning ordinance in 1943. The right to construct private driveways is not mentioned in the ordinance. The city concedes, however, that the ordinance does not prohibit the construction of driveways when they are to be used to serve the purposes for which the property is zoned, but contends that the use of driveways constructed across lands in a residential area to serve a commercial purpose beyond the city limits is a violation of the zoning ordinance.

It should be pointed out that Azalea is not requesting a rezoning of the property or attacking the validity of the zoning ordinance in this proceeding, but is asking for a variance of the ordinance. It would be inconsistent to apply for a variance of an ordinance and at the same time attack its validity and meaning. Thus, we need not consider whether the ordinance prohibits the use of driveways over land in the city zoned for residential purposes to reach contiguous land in the county zoned for commercial purposes.

On the question of whether a driveway constructed on property zoned for residential purposes can be used for vehicular traffic to reach contiguous property zoned for commercial purposes without violating a zoning ordinance see annotation in 63 A. L. R. 2d. p. 1446. Some of the cases found in the annotation are cited in the city's brief.

Azalea's first contention that the court erred in excluding evidence relating to property values and the effect of granting or refusing a certificate of occupancy is well taken.

The authorities generally agree that financial loss, standing alone, cannot establish an extraordinary or exceptional situation or hardship approaching confiscation sufficient to justify the granting of a variance of a zoning regulation, but it is a factor or an element to be taken into consideration and should not be ignored. 101 C. J. S., Zoning, § 293, pp. 1074-1077; 58 Am. Jur., Zoning, § 207, p. 1053; Anno., 168 A. L. R., Zoning—Variation of Regulation, § 2(c), pp. 30-33. Thus the court erred in excluding the evidence offered, and since it is set out in the record we will here consider it.

The sole question for our determination is whether the order of the lower court affirming the decision of the board, thereby re-

fusing to grant Azalea a variance of the zoning regulations, constituted, under the evidence, an unreasonable and arbitrary abuse of discretion.

Section 17.20(b) provides that, if a landowner has acquired property in good faith, he may apply to the board to grant variations in the zoning regulations when by "reason of * * * or other extraordinary or exceptional situations" a literal interpretation "of the ordinance actually prohibit[s] or unreasonably restrict[s] the use of [his] property," or the board may grant variations to "alleviate a clearly demonstrable hardship approaching confiscation" when it can be granted "in harmony with the intended spirit and purpose of this chapter and the ordinance." The provisions of this section are in the disjunctive, and Azalea is required to show only one of several situations existing which unreasonably restricts the use of its property to sustain its request for a variance.

Azalea's acquisition of the property in good faith is not questioned and is not in issue.

The evidence and exhibits show that the two strips of Azalea's land in the city are part of an unimproved large tract, most of which was acquired from a single owner. A plat of the property shows a 50-ft. unopened and unimproved street that extends west from Brook road to the old VEPCO. right of way, which Azalea agreed to improve and open in order to gain access to its property, but permission to do so was refused by the city under authority of an ordinance adopted by the council during the pendency of this proceeding. Now, the only means of access for vehicular traffic to the entire 40 acres is at the extreme northern boundary line of the property by way of a sharp turn off Norwood avenue. Norwood avenue is a narrow street running into Brook road from the northwest at its juncture with Azalea avenue on the east and U. S. highway No. 1 on the north, forming a heavily traveled intersection.

Hence, Azalea argues that (1) the lack of access to its large tract of land bordering on two city streets creates an extraordinary and exceptional situation peculiar to it alone, and a literal interpretation of the zoning ordinance refusing it access across the land lying in the city to reach its county land actually prohibits and unnecessarily restricts the use of all its property, and (2) creates a demonstrable hardship approaching confiscation.

The evidence shows that it would not be economically feasible to construct residences on Azalea's land lying within the corporate

limits of the city because the greater part of the property is in close proximity to Westbrook Sanatorium, an institution for the treatment of mental diseases, and on account of the truck traffic on Brook road, which is required under traffic regulations when traveling south to turn into Westbrook avenue, both streets being extensions of U. S. highway No. 1; that no development of "any practical sort" is possible for the land lying in the county without access to Brook road and Westbrook avenue; that the value of its tract of land with access across that part lying in the city to Brook road and Westbrook avenue would be $729,000, and without such access the value would be diminished to $202,000; that the value of the residential property in the neighborhood would not be affected if access roads were constructed across the property lying in the city to reach the county property; and that Azalea's plans, if access is permitted, call for a park area (not a parking area), which would conform with present zoning regulations, on its remaining land in the city. In short, the evidence shows that a refusal to grant the variance permitting access to the two city streets would be of little or no gain to the public when compared with the unreasonably restricted use of the property imposed upon Azalea.

An abutting property owner has the right of ingress and egress to a public street (*Nusbaum* v. *City of Norfolk*, 151 Va. 801, 145 S. E. 257; *City of Lynchburg* v. *Peters*, 145 Va. 1, 133 S. E. 674) but such right may be regulated or, under certain circumstances, prohibited by a municipality in the reasonable and proper exercise of its police power to control the use of a public street in the interest of the public safety, health, morals, or general welfare. *Wood* v. *City of Richmond*, 148 Va. 400, 138 S. E. 560; *Town of Leesburg* v. *Tavenner*, 196 Va. 80, 82 S. E. 2d 597. However, there is no evidence in this record to show that the granting of the request of Azalea for a variance of the zoning regulations would create a traffic situation which will adversely affect the public health, safety, morals, or general welfare.

We hold that the evidence presents a situation which is "extraordinary or exceptional" insofar as it affects Azalea's entire tract of land; that the restricted use of its property is unreasonable; that the granting of a variance of the zoning ordinance to permit reasonable access from Brook road and Westbrook avenue would do substantial justice; that it would not affect the health, safety, morals or general welfare of the neighborhood; that it would be in harmony with the intended spirit and purpose of the zoning law; and that the refusal

of the court below to grant the variance requested constituted an unreasonable and arbitrary abuse of discretion.

The order of the court below is reversed and the court is directed to enter its order granting a variance of the zoning ordinance giving Azalea the right to construct three private driveways, each 35 ft. wide, across its city property for the purpose of connecting Brook road and Westbrook avenue to adjacent land in the county. The locations of the driveways on the property shall be in the discretion of the trial judge.

*Reversed and remanded.*