## Richmond

### CITY COUNCIL OF THE CITY OF FAIRFAX, VIRGINIA v. JOHN F. SWART, JR., ET AL.

September 5, 1975.

Record No. 740584.

Present, Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Thomas P. Dugan (Surovell, Smith, Parks, Colten & Dugan,* on brief), for appellant.

*John T. Hazel, Jr. (Francis A. McDermott; Hazel, Beckhorn & Hanes,* on brief), for appellees.

Per Curiam.

The City Council (Council) of the City of Fairfax (City) denied the application of the landowners, John F. Swart, Jr., and Asa A. Swart, and their lessee, The Hechinger Company, (collectively referred to as Swart) to rezone 3.285 acres of land on Jermantown Road in the City of Fairfax from single-family residential use (R-3) to commercial use (C-2). Upon Swart's motion for declaratory judgment, the trial court found the Council's action in refusing to rezone the subject property to be unreasonable, arbitrary and capricious, and, therefore, null and void. The court, in its final order, permitted Swart to develop the land "in accordance with the . . . ordinances of the [City] relating to development in the C-2 zoning classification . . ."

As in *County Board of Arlington County v. God,* 216 Va. 163, 217 S.E.2d 801 (this day decided), our principal reason for awarding this appeal was to examine the court's action in actually rezoning the land. While the City claims error in the court's finding of arbitrariness and capriciousness and in refusing to admit the evidence of one witness proffered by the City, we affirm those rulings.

With respect to the holding that the denial of rezoning was arbitrary and capricious, the evidence fully sustains the trial court's conclusion. For a number of years John F. Swart, Jr., and Asa F. Swart have owned a 5.652 acre tract in the northwest quadrant of the intersection of Jermantown Road and Lee-Jackson Highway (Route 50) in the City. The southern 2.367 acres of the tract, which fronts on both Route 50 and Jermantown Road, is zoned commercial, as is all of the frontage on Route 50 in the City from its intersection with Routes 29-211 at Kamp Washington, approximately one-half mile southeast of the Swart tract.

The western boundary line of the Swart tract is also the boundary line between the City and the County of Fairfax. The land abutting the Swart tract on the west is comprehensively planned by Fairfax County for high density residential use, a classification permitting up to 20 dwelling units per acre. The land across Jermantown Road, to the east of the Swart tract, is zoned commercial. The evidence showed that a bank and a convenience store were already in operation there and that a six story motel was under construction. All of the road frontage on Jermantown Road for more than one-half mile south of the Swart tract was zoned either commercial or industrial.

While the property adjoining the Swart property on the north, fronting 200 feet on the west side of Jermantown Road, is still zoned residential (R-3), the adjoining tract to the north was rezoned com-

mercial (C-2) by the Council in 1969. To the north of and adjoining this C-2 tract is a high density, multi-family housing development.

North of the Swart tract, the City owns a parcel of land fronting approximately 1500 feet on the east side of Jermantown Road adjoining the motel site. An intermediate school, with access to both Bevan Drive, a residential street, and Jermantown Road, occupies the northern portion of this parcel.

When a comprehensive land plan for the area was last adopted by the City in 1968, this plan designated all of the frontage on Jermantown Road south of the existing multi-family housing development as an area for commercial development.

Swart's expert evidence established that the construction of single-family residences on the tract in issue was economically unfeasible; that the existing zoning was unreasonable; and that the proposed commercial use, a large hardware department store, is a reasonable use of the property and compatible with the area.

While the City presented evidence that the tract in question "could" or "might" be developed under its existing R-3 zoning, this evidence was so insubstantial, vague and speculative as to be unconvincing to the trial court, as it is to us.

Here the landowner's evidence was sufficient to overcome the presumed legislative validity of the Council's action and to show that the denial was unreasonable. Thereafter, the City failed to produce evidence sufficient to show the denial was reasonable. The question, then, is not fairly debatable. See *City of Richmond* v. *Randall*, 215 Va. 506, 511, 211 S.E.2d 56, 60 (1975). Under the circumstances of this case, the denial of the rezoning application was discriminatory and, therefore, arbitrary and capricious. See *Board of Supervisors of Fairfax County* v. *Allman*, 215 Va. 434, 445, 211 S.E.2d 48, 55 (1975).

We find no error in the trial court's refusal to qualify Edward Trexel, a member of the City Planning Commission, as an expert witness. The qualification of an expert witness is a matter largely within the discretion of the trial court and its ruling will not be disturbed in the absence of the showing of an abuse of such discretion. See *Ames & Webb, Inc.* v. *Commercial Laundry*, 204 Va. 616, 621, 133 S.E.2d 547, 550 (1963).

The final question presented concerns the trial court's rezoning of the land. This case was decided by the Chancellor before our recent decisions in *City of Richmond* v. *Randall, supra, Board of Supervisors of Fairfax County* v. *Allman, supra,* and *Board of Super-*

*visors of Fairfax County* v. *Williams*, 216 Va. 49, 216 S.E.2d 33 (1975). Since the rezoning violates the legal principles set forth in those cases, we summarily reverse that part of the final order of the trial court.

Accordingly, we affirm the trial court's finding that the existing R-3 zoning of the land in question is invalid and that the Council's denial of rezoning was arbitrary and capricious. We, likewise, affirm the trial court's ruling in refusing to qualify Trexel as an expert. We reverse the action of the court, however, in actually rezoning the land and the case will be remanded with instructions to enter another decree. The new decree will suspend the adjudication of invalidity for a prescribed period of time and remand the matter to the Council for further legislative action. Since the City has made no showing of an alternate reasonable use, the new decree will enjoin Council, during the prescribed period, from taking any action which would disallow the one use shown by the record to be reasonable. The decree of the trial court will further provide that should the Council fail to comply within the time prescribed, the adjudication of invalidity of zoning classification R-3 for the property will become operative and the injunction will become permanent, provided that Swart shall not put the property to any use other than the use shown by the record to be reasonable.

*Affirmed in part;*
*reversed in part;*
*and remanded.*