# Richmond

COUNTY BOARD OF ARLINGTON COUNTY V. MARY ROSE GREENE GOD.

September 5, 1975.

Record No. 740803.

Present, All the Justices.

*Charles G. Flinn, Deputy County Attorney (Jerry K. Emrich, County Attorney,* on brief), for appellant.

*Mark P. Friedlander, Jr. (Mark P. Friedlander; Blaine P. Friedlander; Marshall H. Brooks; Jerome P. Friedlander, II; Friedlander, Friedlander & Brooks,* on brief), for appellee.

Per Curiam.

This is a zoning case in which the County Board of Arlington County denied the application of the landowner, Mary Rose Greene God, for rezoning from single-family residential district (R-6) to apartment house district (RA6-15) of two adjoining lots in the northern portion of the county. Upon the landowner's motion for declaratory judgment, the trial court found that the existing zoning

was unreasonable, and therefore invalid, and that the denial of the rezoning was arbitrary and capricious. In its final order, the court placed the land in the zoning classification sought by the landowner.

While the appeal awarded in this case brings under review the trial court's holding that the rezoning denial was arbitrary and capricious, the principal reason we awarded the appeal was to examine the court's action in actually rezoning the land. In light of our recent decisions in the *Randall, Allman,* and *Williams* cases,[1] all handed down after the date of final judgment in the present case, we are constrained to affirm, in summary fashion, the trial court's finding of arbitrariness and capriciousness and to reverse, in similar fashion, the court's action in rezoning the land.

First, with respect to the holding that the rezoning denial was arbitrary and capricious, the evidence fully sustains the trial court's conclusion. The two lots in question, together with two other lots in different ownership, are the remnants of a larger single-family residential district established in 1950 in a block now almost entirely zoned for and devoted to apartment uses, in an area of Arlington County dominated by garden-type apartment houses. The landowner showed that the construction of single-family residences on the lots in question would be economically unfeasible; that the existing zoning was unreasonable; and that her proposed use, the construction of 10 "townhouses of garden apartment style" under an appropriate zoning classification, would be reasonable. Against this, only the opposition of a local civic association and the claim of a serious water problem, which proved to be non-existent, suggested that the present zoning should be retained.

The landowner's evidence was sufficient to overcome the presumed legislative validity of the Board's action and to show that the denial was unreasonable. The Board, however, in its turn, failed to produce evidence sufficient to show that the denial was reasonable. The question, then, was not fairly debatable. *See City of Richmond* v. *Randall, supra,* 215 Va. at 511, 211 S.E.2d at 60. Under the circumstances of this case, the denial of the rezoning application was discriminatory and, therefore, arbitrary and capricious. *See Board of Supervisors of Fairfax County* v. *Allman, supra,* 215 Va. at 445, 211 S.E.2d at 55.

With respect to the trial court's action in actually rezoning the lots in question, the landowner, in light of *Allman,* concedes that

---

[1] *City of Richmond* v. *Randall,* 215 Va. 506, 211 S.E.2d 56 (1975), *Board of Supervisors of Fairfax County* v. *Allman,* 215 Va. 434, 211 S.E.2d 48 (1975), and *Board of Supervisors of Fairfax County* v. *Williams,* 216 Va. 49, 216 S.E.2d 33 (1975).

the court "did not have the right . . . to simply rezone the land." The landowner also concedes that under the evidence before the trial court there are, in addition to the RA6-15 apartment classification she sought, other multiple-unit zoning categories which would permit her proposed use. The landowner agrees, therefore, that the case must be remanded for further consideration by the Board, at the direction of the trial court, of an appropriate multiple-unit zoning classification for her property.

Accordingly, we affirm the trial court's findings that the existing single-family zoning of the lots in question is invalid and that the Board's denial of rezoning was arbitrary and capricious. We reverse the action of the court in actually rezoning the land. The case will be remanded to the trial court with instructions to enter another order. The new order will suspend the adjudication of invalidity for a pre-scribed period of time and direct the Board to consider further legislative action. Because the evidence shows that the apartment-house use proposed by the landowner is reasonable,[2] the new order will enjoin the Board during the prescribed period from taking any action which would disallow such use. The new order will further provide that should the Board fail to take appropriate action within the pre-scribed period, the adjudication of invalidity will become operative and the injunction will become permanent, provided that the land-owner shall not put her property to any uses other than those shown by the record to be reasonable.

*Affirmed in part, reversed in part, and remanded.*

---

[2] In light of the landowner's concession that other multiple-unit zoning categories would permit her proposed use, the Board, following remand, will be free to consider such other categories in addition to the RA6-15 zoning sought by the landowner.