## CIRCUIT COURT OF FAIRFAX COUNTY

Board of Supervisors
of Fairfax County et al.

v.

Board of Zoning Appeals
of Fairfax County et al.

January 6, 1988

Case No. (Chancery) 97161

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on a writ of certiorari to review decision No. A85-D-003 of the Board of Zoning Appeals (BZA). On January 22, 1986, Jane W. Gwinn, Fairfax County Zoning Administrator, denied Blair and Dorothy Cupp's (respondents) request for a building permit to erect a greenhouse on their property. The Cupps have operated a plant nursery on part of their land for some years. In 1978, a new zoning ordinance made nurseries a special exception use in R-1 districts. At that time, the Cupps' enterprise became a "grandfathered" use under Section 15-101(2) of the zoning ordinance. The provision goes on to state that "any subsequent replacement or enlargement of such use or of any building . . . or the construction of any additional building for such use . . . shall be subject to a special permit or special exception . . . ." The Zoning Administrator determined that a special exception was necessary before the greenhouse could be erected. The BZA reversed that decision and ruled in favor of the Cupps. Petitioners sought review of the BZA's action in this Court pursuant to Va. Code § 15.1-497.

In reviewing a case on a writ of certiorari, the Court begins with a presumption that the BZA decision

is correct. Petitioners have the burden of showing that the Board of Zoning Appeals "applied erroneous principles of law" or that its decision was "plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Allegheny Enterprises v. Covington*, 217 Va. 64, 67 (1976).

The arguments, both at the hearing and in memoranda, present two issues for the Court: (1) Is the erection of the greenhouse a permissive agricultural activity or an enlargement of a nonconforming use? (2) Assuming the greenhouse is deemed an agricultural use, must approval be obtained for an additional use which does not enlarge the prior nonconformity?

Beginning with the first issue, respondents contend that the greenhouse is not an enlargement of the nonconforming nursery activity because the definition of "plant nursery" in the zoning ordinance couples the growing of nursery stock with retail sales. The new greenhouse will be solely for the care of plants without any sales activity or even a cash register. The absence of commercial transactions, argue respondents, make this an agricultural use, which is not prohibited in R-1 districts. Petitioners object to the interpretation given "plant nursery," claiming that enlargement of the area for growing nursery stock constitutes enlargement of the nonconforming nursery activity. A careful reading of the definitions at § 9-517 and in Article 20 of the zoning ordinance indicates that a "nursery" includes the area where plant cultivation occurs as well as the building where money changes hands. Therefore, any addition to the cultivation facet simultaneously adds to the enterprise as a whole. The erection of a greenhouse is not a new use as the Cupps assert, but rather it is an enlargement of the nonconforming use, namely growing and selling plants for profit from residentially zoned property. The presence or absence of a cash register is not the litmus test of commercial activity. It is clear that the sole function of the greenhouse is to further the Cupps' business regardless of whether customers are permitted to pass through the building. Word games cannot be employed to circumvent the intent of the zoning ordinance.

Since the proposed greenhouse will be an addition to the special exception use, approval must be obtained

in accordance with the zoning ordinance. Given the Court's finding of error in the BZA's interpretation and application of the term "plant nursery," it is not necessary to address the second issue concerning whether approval is needed for introducing a new use to a site currently developed with a special exception use. The Board of Zoning Appeals ruling No. A86-D-003 is reversed.