## CIRCUIT COURT OF FAIRFAX COUNTY

Reston Inn and
Conference Center Venture

v.

Fairfax County
Board of Supervisors

July 6, 1992

Case Nos. (Chancery) 116655; (Law) 101141

BY JUDGE RICHARD J. JAMBORSKY

This cause came before the Court on December 10, 1991, for trial on the Writs of Certiorari filed by the Complainants. The Court finds that Barbara A. Byron, Director, Zoning Evaluation Division, Office of Comprehensive Planning was without authority to determine that the land at issue in this case was zoned as a Convention/Conference Center and that, therefore, the ruling in her 1989 letter is void. However, Ms. Byron's second letter, in which she classified the property as a Village Center is also void. Because there has been no legislative act to change the zoning of the property from Hotel and Conference Center, this remains the zoning status of the property. Thus, the second issue raised on certiorari, whether a preliminary site plan must be filed, is moot. The Court reaches these conclusions of law based on the following findings of fact and conclusions of law.

### Findings of Fact

The property that is the subject of this suit is located at 11810 Sunrise Valley Drive, and is identified on the Fairfax County Tax Maps as 17–3(93) Parcel 1. On March 12, 1969, Fairfax County rezoned the subject property and its surrounding area to Residential

Planned Community (RPC). It was approved as a site for a Hotel and Conference Center. Reston Inn acquired the property in 1971. Effective August 14, 1978, the Board of Supervisors adopted Amendment 128 to the Zoning Ordinance, which replaced the prior ordinance. The Board of Supervisors defined uses allowed for the RPC District, which included a Convention/Conference Center. Office buildings were included as a permissible use on land designated as a Convention/Conference Center site. This was a broader designation than what the subject property was zoned for because the Hotel and Conference Center designation limited building to only those two specific uses.

Though the Convention/Conference Center site designation was made available as a permissible use in the RPC area, the Board of Supervisors took no legislative action to change the zoning status of the land in question to the newly available designation. Thus, the land in question has remained approved for Hotel and Conference Center development and nothing else.

On April 28, 1989, Reston Inn's architect requested:

> an official ruling about the zoning statutes of the subject parcel. Specifically, we request direction as to whether the parcel is a proffered site plan or not, and the procedure we must follow to develop the parcel. If the parcel is not a proffered site plan it is our understanding that we simply have to submit a revised site plan meeting D.E.M. guidelines in order to proceed.

By letter dated May 11, 1989, Byron, as the duly authorized agent of the Fairfax County Zoning Administrator, Jane Gwinn, determined that:

> there are no proffers controlling the development of this property . . . . In addition, Par. E. of § 6–302 of the Zoning Ordinance outlines additional uses that may be permitted in an area designated with a convention/conference center use . . . Office development is a permitted use within the convention/conference center designation. Therefore, any redevelopment of the Reston Sheraton Inn and Conference Center site with office development would be consistent with the approved development plan and a development plan amendment application would not be necessary. In or-

der to proceed with redevelopment of the site, a site plan amendment meeting all requirements of the Zoning Ordinance and the Department of Environmental Management's requirements may be submitted.

No one appealed Byron's 1989 determination. Despite the fact that Byron did not indicate that a preliminary site plan was necessary, Reston Inn alleges it spent over $250,000 in an attempt to develop and get approval of such a plan.

By letter dated May 16, 1990, Byron reversed her 1989 determination. Her second letter stated that the first letter was inaccurate in that:

> although the development plan approved for RZ B-846 on March 12, 1969, indicates "Uses: Motel and Conference Center" on the subject parcel, such designation does not serve to classify this parcel as a convention/conference center as that classification is set forth in Par. E of § 6302 of the Fairfax County Zoning Ordinance.

She also determined that the area is a Village Center based on approved subdivision plats, which she says designated the area as such. In addition, she indicated that a preliminary site plan would be necessary to develop the property.

Reston Inn appealed Byron's May 16, 1990, decision to the Board of Zoning Appeals (BZA) on June 15, 1990. The nature of the appeal was the:

> classification of property as a village center within the PRC zoning classification . . . requirement of preliminary site plan and other provisions of that decision.

The BZA held a public hearing on the appeal on September 11, 1990. The BZA's decision was announced on October 9, 1990. It ruled in favor of Reston Inn in deciding that the property was zoned as a Convention/Conference Center and in favor of the Zoning Administrator on the preliminary site plan issue. Thus, both sides petitioned to this Court for Writ of Certiorari.

### Conclusions of Law

Though many issues were thoroughly briefed and argued by counsel, one fact outshines all the others. No legislative action was ever taken by the Board of Supervisors to change the designation of the

land in question from Hotel and Conference Center to Convention/ Conference Center. Such legislative action is absolutely required before a change in zoning can occur and can only take place after at least one public hearing and after proper notice is given to the local citizens. Section 15.1–493 of the Virginia Code, as amended (1950); *see Laird v. City of Danville*, 225 Va. 256 (1983). Thus, Byron's first letter was void *ab initio* because it was beyond the scope of her authority to classify the property in any manner other than for Hotel and Conference Center uses. By the same token, her second letter reflected an erroneous conclusion because the land could not have been designated as a Village Center while no legislative action had occurred. Allusions to the approved subdivision plats is not enough to change the zoning of the property to a Village Center. *See City of Covington v. APB Whiting, Inc.*, 234 Va. 155 (1987) (An erroneous reference map cannot alter the terms of a properly adopted zoning ordinance). It is undisputed that neither the Village Center nor the Convention/Conference Center designations existed in the Zoning Ordinance until July 9, 1969. Reston Inn's development plan was approved four months earlier on March 12, 1969. Thus, the BZA incorrectly concluded that the subject property had achieved Convention/Conference Center status. Amendment 128 does not reveal any intent to amend any particular development plan previously approved in the RPC district. As the County pointed out, even if the Board could amend approvals retroactively, such an intent must be clear. *Ferguson v. Ferguson*, 169 Va. 77 (1937). The only intent indicated in the amendment that concerns the amendment of any development plan is the requirement that:

> no significant modification shall be made to any development plan unless such revisions in the plan shall be submitted for approval to the Board of Supervisors after recommendation by the Planning Commission in the same manner as the original application insofar as public hearings are concerned.

Thus the conclusions of Byron in both her letters are void *ab initio* because they were beyond the scope of her power to make. For this reason, the arguments of Reston Inn concerning the finality of Byron's first letter because of the thirty-day appeal limitation set forth in § 15.1–496 of the Virginia Code, as amended (1950), does not apply to this case.

Neither the doctrine of estoppel nor laches applies to local governments in the discharge of their governmental functions. *Board of Supervisors of Washington County v. Booher, et al.*, 232 Va. 478 (1987). In *Booher*, Booher told the Board of Supervisors that he wanted to operate an automobile graveyard on his property, which the Board then rezoned. The Court found that though the Board may have intended thereby to grant him a special exception, that because such a use was never permitted in the area in which his property lay, and because Booher did not apply for a special exception, the Board had no power to grant an exception by implication. *Id.* 481–81. Thus, in the present case, because the subject property never was zoned with a designation that allows for the building of offices, neither Byron nor the BZA had authority to rule that office buildings are allowable.

The decision of the BZA is void because it has no power to legislate or to repeal or amend the provisions of a zoning ordinance. *Belle-Haven Citizens Ass'n, Inc. v. Schumann*, 201 Va. 36 (1959). The presumption that a zoning board's ruling is correct can be overcome by proof of lack of jurisdiction, plainly wrong factual findings, or an erroneous application of the law. *Alleghany Enterprises, Inc. v. Board of Zoning Appeals of the City of Covington, et al.*, 217 Va. 64, 225 S.E.2d 383 (1976). In this case, the BZA had no jurisdiction to rule that the property in question is a Convention/Conference Center or Village Center property. Any ruling other than that the property was zoned for Hotel and Conference Center uses was plainly wrong. *Masterson v. Board of Zoning Appeals of the City of Virginia Beach, et al.*, 233 Va. 37 (1987). As indicated above, a legislative act by the Board of Supervisors would be necessary to change the zoning of the property. Because the BZA exceeded its jurisdiction, this decision is reversed as being null and void. *See Lake George Corp. v. Standing*, 211 Va. 733 (1971).

Therefore, the Court does not need to reach the issue whether a preliminary site plan is required. However, were the Court to rule on this issue, it would remand this issue back to the BZA so that sufficient finding could be made to permit the parties to properly litigate the issue and to allow the Court to properly adjudicate the issues on appeal. *Ames v. Town of Painter*, 239 Va. 343 (1990); *Packer v. Hornsby*, 221 Va. 117 (1980).

*Conclusion*

The decisions of both Byron and the BZA exceeded the scope of their authority and are null and void. The subject property continues to retain its Hotel and Conference Center designation. A legislative act by the Board of Supervisors, in accordance with the statute, will be required to change this designation.