PRESENT:  All the Justices

GORDON SPENCE

v.  Record No. 970351    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          January 9, 1998

BOARD OF ZONING APPEALS FOR
THE CITY OF VIRGINIA BEACH, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge


In this appeal, we consider whether the trial court erred in upholding a decision of a board of zoning appeals that authorized a variance from certain residential setback and parking space requirements.

In 1989, Wayne Beagle purchased two lots in the Chesapeake Beach area of the City of Virginia Beach.  The lots, which were platted in 1928, are zoned for R-7.5 use under the zoning ordinance enacted by the City in 1988.  This residential use classification requires a minimum lot size of 7,500 square feet.

The two lots contain a total of 4,011 square feet and constitute a triangular-shaped corner property that is subject to a 30-foot zoning setback requirement on two of its three sides. The parties agree that, due to the size and shape of the property, a residential structure cannot be built on the property unless a variance is obtained.

Beagle, a real estate developer, purchased the lots knowing that their previous owner had been denied a variance to construct a single residence on the lots.  Beagle later applied to the Board of Zoning Appeals for the City of Virginia Beach (the Board) for a variance, submitting a site plan for a residential

structure that conformed to the applicable lot coverage restrictions. To build the structure, Beagle needed a front yard setback variance of 17 feet, a side yard setback variance of 17 feet, and a reduction of parking space size. The Board granted Beagle's variance application.

Gordon Spence, alleging the status of an aggrieved property owner, petitioned the trial court for a writ of certiorari to review the Board's decision. The trial court did not hear evidence, but based its decision solely on the record before the Board. Affirming the Board's decision, the trial court ruled, among other things, that the evidence supported the Board's findings made under Code § 15.1-495. Spence appeals from this decision.

Spence argues that Beagle did not meet his burden of proving that he purchased the property in good faith because he acquired the property at a low price, knowing that it could not be developed without a variance. Spence also contends that any hardship suffered by Beagle was self-inflicted, because he knew the property was nonconforming when he purchased it. We disagree with Spence's arguments.

A board of zoning appeals may grant a variance if such grant is not contrary to the public interest and if a literal enforcement of the zoning ordinance will result in unnecessary hardship to the property owner. Code § 15.1-495(2). The factors governing this process are further detailed in Code § 15.1-495(2), which permits the granting of a variance

> [w]hen a property owner can show that his property was acquired in good faith and where by reason of the

exceptional narrowness, shallowness, size or shape of a specific piece of property at the time of the effective date of the ordinance, . . . the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the utilization of the property or where the board is satisfied, upon the evidence heard by it, that the granting of such variance will alleviate a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant, provided that all variances shall be in harmony with the intended spirit and purpose of the ordinance.

In addition, Code § 15.1-495(2) limits the authority of a board of zoning appeals to grant a variance by requiring that three specific findings be made before a variance is granted. The board must find that: (1) a strict application of the ordinance would result in an undue hardship to the property owner, (2) this hardship is not shared generally by properties in the same zoning district and the same vicinity, and (3) the variance will not result in substantial detriment to adjacent property and will not change the character of the zoning district. Code § 15.1-495(2).

On review before the trial court, the decision of a board of zoning appeals is presumed to be correct. Steele v. Fluvanna County Board of Zoning Appeals, 246 Va. 502, 506, 436 S.E.2d 453, 456 (1993); Masterson v. Board of Zoning Appeals, 233 Va. 37, 44, 353 S.E.2d 727, 732-33 (1987). The trial court's review is limited to a determination whether a board has applied erroneous principles of law or, when a board's discretion is involved, whether the decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance. Id.; Packer v. Hornsby, 221 Va. 117, 120, 267 S.E.2d 140, 141 (1980); Alleghany

Enterprises, Inc. v. Board of Zoning Appeals, 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976).

We first hold that Beagle's purchase of the property at a low price with the intent to seek a variance does not constitute an absence of "good faith," as that term is used in Code § 15.1-495(2). The very purpose of the statute is to afford any property owner an opportunity to seek a variance when a strict application of the zoning ordinance would effectively prohibit or unreasonably restrict the owner's use of the property, or would cause a demonstrable hardship approaching confiscation of the property. See Code § 15.1-495(2). The purchase price of the property is irrelevant to this consideration.

Likewise, Beagle's knowledge that the previous owner of the property had been denied a variance does not affect his "good faith" status under the statute. A board of zoning appeals' decision whether to grant a variance must be exercised with regard to the particular facts of an application, including the precise extent of the relief sought. See Board of Zoning Appeals v. Fowler, 201 Va. 942, 947-48, 114 S.E.2d 753, 757-58 (1960); Azalea Corp. v. City of Richmond, 201 Va. 636, 640, 112 S.E.2d 862, 865 (1960); Board of Zoning Appeals v. Combs, 200 Va. 471, 475, 106 S.E.2d 755, 758 (1959). While the denial of a prior application may be a relevant consideration regarding the extent of relief that is appropriate, nothing in the language of Code § 15.1-495(2) precludes a property owner from seeking a variance when a prior application has been denied.

Spence next argues that since Beagle purchased the property

knowing that he needed a variance to build a house, the mere fact of his purchase constitutes a self-inflicted hardship that bars him from obtaining a variance. We reject this argument because, under Spence's analysis, nonconforming property could never be developed by obtaining a variance after the property is sold and, therefore, Code § 15.1-495(2) would be rendered meaningless with regard to such property. No language in Code § 15.1-495(2) supports this result.

Nevertheless, Spence argues that three of our decisions compel a conclusion that Beagle's hardship is self-inflicted. His reliance on these decisions is misplaced because each of those cases involved property owners who had acted in violation of applicable zoning ordinances. In Steele v. Fluvanna County Board of Supervisors, 246 Va. 502, 436 S.E.2d 453, we held that the construction of a house in violation of side yard setback requirements, although done inadvertently, was a self-inflicted hardship. We stated that "a self-inflicted hardship, whether deliberately or ignorantly incurred, provides no basis for the granting of a variance." 246 Va. at 507, 436 S.E.2d at 457.

In Alleghany Enterprises, Inc. v. Board of Zoning Appeals, 217 Va. 64, 225 S.E.2d 383, a property owner sought a variance to allow use of his property as an automobile sales lot. The property was zoned for residential use but was located adjacent to the owner's motor vehicle business. We held that any hardship the property owner suffered was self-inflicted because, after purchasing property zoned for residential use, he violated the zoning ordinance by using the property for purposes not allowed

in that land use classification.  217 Va. at 68-69, 225 S.E.2d at 386.

In Board of Zoning Appeals v. Combs, 200 Va. 471, 106 S.E.2d 755, we reinstated a board of zoning appeals' decision denying an occupancy permit to a property owner who had constructed an apartment over an existing garage in violation of a zoning ordinance.  We held that any hardship the owner suffered was self-inflicted.  200 Va. at 477, 106 S.E.2d at 759.

Unlike the property owners in Steele, Alleghany, and Combs, Beagle did not violate a zoning ordinance provision and then seek relief from the consequences of that unlawful act.  Instead, Beagle followed the procedures prescribed by Code § 15.1-495(2) and the City's zoning ordinance to obtain a variance before attempting to use the property.  Beagle did not create his own hardship but only sought relief allowed by Code § 15.1-495(2) based on the configuration and the physical characteristics of his property.  Thus, we conclude that the trial court did not err in upholding the Board's decision.

For these reasons, we will affirm the trial court's judgment.

Affirmed.