Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Russell, S.J.

CHERRYSTONE INLET, LLC                      OPINION BY
                                   SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 051699                     April 21, 2006

BOARD OF ZONING APPEALS OF NORTHAMPTON COUNTY, ET AL.

FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

This appeal presents the question whether a Board of
Zoning Appeals properly denied variances, sought by a property
owner, where overlapping setback lines imposed by the zoning
ordinance precluded the erection of any residential structures
on property located in a residential district.

*Facts and Proceedings*

The essential facts are undisputed.  By deed dated
January 9, 2004, Cherrystone Inlet, LLC, (Cherrystone)
acquired from the Bromley estate several parcels of land in
Northampton County in the vicinity of Cherrystone Inlet, parts
of which extended to the low water mark of the inlet.  The
parcels were conveyed by metes and bounds.  Five parcels
constitute the tract in issue here, a narrow strip containing
6.594 acres of unimproved land bounded on the west by the
waters of Cherrystone Inlet (which runs north-south at this
point) and on the east by State Route 663 (Cherrystone Road),
a public road that runs parallel to the inlet.  Although the

parcels were conveyed by metes and bounds, the evidence indicated that they were shown on the tax maps as individual lots (the Bromley lots).[1]

When Cherrystone acquired the property, it was aware that the Bromley lots were zoned "Rural Village-Rural Residential" (RV-RR), a restrictive residential classification in the Northampton County zoning ordinance. Cherrystone was also aware that no residences could be built upon the lots unless variances could be obtained, because they were subject to zoning setback requirements that rendered them "unbuildable."

In 1988, the General Assembly adopted the Chesapeake Bay Preservation Act, Code § 10.1-2100, et seq. (The Bay Act). Pursuant to its provisions, the subject property was included within a "Chesapeake Bay Preservation Area" which subjected it to certain criteria and regulations for the protection of water quality promulgated by the Chesapeake Bay Local Assistance Board. The Board of Supervisors of Northampton

---

[1] Counsel for Cherrystone stated in argument at the bar of this Court that the Bromley estate, Cherrystone's predecessor in title, had never subdivided the land in question. The record fails to disclose the chain of title to these lots, and shows no reason for their designation as individual lots on the tax maps. The record before the BZA contains a "Boundary Survey" of the Bromley property, dated December 9, 2003, before Cherrystone's purchase. It shows the property divided into five parcels, ranging in size from 0.302 acre up to 2.301 acres, identified only by tax map references. Those parcels bear no discernable relationship to the lots for which variances were sought.

County, as required by the Bay Act, incorporated those regulations into its zoning ordinance, effective December 28, 2000. The applicable part of the zoning ordinance imposed a building setback upon the Bromley lots 110 feet landward from the shoreline of Cherrystone Inlet.[2] The zoning ordinance also imposed a setback of 60 feet from Cherrystone Road. Because the distance from the shoreline to the road was much less than 170 feet on most of the Bromley Lots, the setbacks overlapped, precluding the construction of residential buildings.[3]

Four days after purchasing the Bromley lots in 2004, Cherrystone recorded a plat purporting to subdivide the five Bromley lots into six smaller lots. After receiving objections from the County staff, Cherrystone, on June 30, 2004, recorded a second plat, captioned "Boundary Line Adjustment Plat" resubdividing the property into five new

---

[2] Regulations promulgated under the Bay Act establish a 100-foot "buffer area" extending landward from the shoreline, which overlaps the 110-foot setback imposed by the zoning ordinance. Variances are authorized for intrusions under very restricted circumstances, but only within the landward 50 feet of the "buffer area" and only upon lots recorded prior to October 1, 1989.

[3] Evidence in the record indicated that the Bromley lots, many years ago, might have had sufficient depth to permit residential construction even under the present zoning ordinance, but that beach erosion had severely narrowed them before Cherrystone acquired them in 2004 and that in recent years, high water had extended up to and over the Cherrystone Road, entirely covering the Bromley lots.

lots.  Although the shallowness of the lots remained the same, being limited by the distance between the road and the shoreline, the side lines between the lots were substantially different from those of the former Bromley lots.

Only lot 1, of Cherrystone's new lots, had sufficient depth to permit residential construction.  Cherrystone applied to the Zoning Administrator for variances from both the shoreline setback and the road setback, as well as from the Bay Act buffer area regulations, for new lots 2, 3, 4 and 5. The Zoning Administrator denied the applications and Cherrystone appealed its decision to the Northampton County Board of Zoning Appeals (BZA).  After receiving reports from the County's staff, the BZA held a public hearing on August 2, 2004 at which the variances were unanimously denied.

Cherrystone brought the case before the circuit court by a petition for certiorari.  The Board of Supervisors of Northampton County filed a petition to intervene, which the court granted.  The circuit court heard the case upon the arguments of counsel, the record of the proceedings before the BZA and additional evidence taken ore tenus.  The court found that Cherrystone had failed to rebut the presumption of correctness to which the decision of the BZA was entitled. The court entered an order affirming the BZA's decision to deny the variances.  We awarded Cherrystone an appeal.

4

*Analysis*

Cherrystone contends that the evidence before the circuit court was that residential construction was the only reasonable, beneficial use of the lots, taken as a whole, and that the overlapping setbacks imposed by the Bay Act and the zoning ordinance unreasonably interfered with that use.  On appeal, Cherrystone argues that it was entitled to variances upon any of three alternative theories based on the language of Code § 15.2-2309(2):  "[B]y reason of the exceptional . . . shallowness [of the lots] at the time of the effective date of the ordinance," or "by reason of . . . other extraordinary situation or condition of the piece of property" or to "alleviate a clearly demonstrable hardship approaching confiscation."  The record indicates, however, that the only basis for relief urged by Cherrystone before the BZA and in the circuit court was the impact of the zoning ordinance occasioned by the shallowness of the lots.  That basis for relief is conditioned upon the statutory requirement that the ordinance must have affected lots in existence on the effective date of the ordinance.

The BZA and the Board of Supervisors argue that Cherrystone's new lots did not exist when the Bay Act and the zoning ordinances became effective, but were created thereafter, that the deviations sought are unreasonable and

5

not within the spirit of the ordinance, and that Cherrystone did not carry its burden of showing that the setbacks prevented all reasonable beneficial uses of the property.

Upon judicial review of a decision of a board of zoning appeals granting or denying a variance, the board's decision is presumed to be correct. The circuit court's review is limited to a determination whether the board has applied erroneous principles of law or, when the board's discretion is involved, whether the decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance. Spence v. Board of Zoning Appeals, 255 Va. 116, 119-20, 496 S.E.2d 61, 63 (1998) (citations omitted). In proceedings on certiorari in the circuit court, as well as on appeal to this Court, the burden is upon the appealing party to rebut the presumption of correctness to which the board's decision is entitled. Code § 15.2-2314; Masterson v. Board of Zoning Appeals, 233 Va. 37, 44, 353 S.E.2d 727, 732-33 (1987).

Here, the applicant failed to show that the lots for which variances were sought were lots of record in 1988, when the Bay Act became effective. Because of the express language of the Bay Act and Code § 15.2-2309(2), that failure alone would have precluded variances based upon the shallowness of the lots.

Further, the applicant was unable to show that the effect of the zoning ordinance upon its property would, in the absence of the variances sought, "interfere with all reasonable beneficial uses of the property, taken as a whole." In the absence of such a showing, the BZA had no authority to grant variances.  Cochran v. Board of Zoning Appeals, 267 Va. 756, 766, 594 S.E.2d 571, 577 (2004).  Without considering other uses which the zoning ordinance might permit, it is evident that Cherrystone, rather than subdividing its land into lots, four of which are "unbuildable," could have treated the property as a single 6.594-acre parcel.  A residential structure could have been erected, as a matter of right, on that part of the parcel now included in Cherrystone's new Lot 1, which is unaffected by overlapping setbacks, with the remaining land used as a valuable waterfront amenity appurtenant to that structure.

*Conclusion*

Because the lots for which the variances were sought did not exist of record on the effective dates of the Bay Act and the zoning ordinance, and because the effect of the zoning ordinance did not interfere with all reasonable beneficial uses of the property, taken as a whole, the circuit court correctly affirmed the decision of the BZA.  Accordingly, we will affirm the judgment.

7

<u>Affirmed</u>.