528 P.2d 1266

**SANTA CRUZ COUNTY, a body politic, Marcellino Varona, William Baffert, and William Holbrook, as members of the Board of Supervisors of Santa Cruz County, Santa Cruz County Board of Adjustment #3, Stone Collie, Fred Fendig and Juliette England, as members of the Santa Cruz County Board of Adjustment #3, and Paul Randolph Gaines, Santa Cruz County Planning and Zoning Director, Appellants,**

v.

**SOUTHERN ARIZONA CHRISTIAN ASSEMBLY, INC., a nonprofit organization, Appellee.**

**No. 2 CA–CIV 1630.**

Court of Appeals of Arizona, Division 2.

Dec. 13, 1974.

Hathaway, J., did not participate.

E. Leigh Larson, Santa Cruz County Atty. by Roberto C. Montiel, Deputy County Atty., Nogales, for appellants.

Ben C. Pearson, by Paul J. Prato, Phoenix, for appellee.

## OPINION

HOWARD, Judge.

The issue in this case is whether there was sufficient evidence to justify the trial court granting a zoning variance to appellees.

The Southern Arizona Christian Assembly, hereinafter referred to as the Assembly, is a nonprofit corporation comprised of seven churches, one of which is located in Santa Cruz County, Arizona. The Santa Cruz County parcel is owned by the Assembly and contains ten acres zoned GR (General Rural), under the Santa Cruz County Zoning Ordinance. There are three large buildings on the parcel, one of which is used as a church and the other two are used as facilities for the young children's church camp. There are various other temporary structures located on the land. All the structures were built on the property during the period of April 12, 1969 and the early months of 1973.

On June 5, 1973, the Santa Cruz County Zoning Inspector, pursuant to complaints of certain citizens, inspected the ten-acre parcel and posted notices on the property advising the owners to stop further construction in light of the Assembly's failure to obtain building permits.

The Santa Cruz County Zoning Ordinance of August 31, 1961, provided that in general rural zoning, church groups must apply for special use permits before establishing a church.

When they discovered they had been violating the zoning ordinance appellee applied to the Board of Adjustment of Santa Cruz County for a "variance" to build a church camp. After a hearing on the matter, at which opponents to the proposed variance were allowed to speak, the Board refused to grant the "variance". Appellees then appealed to the superior court which, after taking evidence, granted appellees a use permit for the operation of a church camp subject to the following conditions:

"1. Building permits shall be obtained.

2. Food handling permits shall be obtained from the Health Department.

3. Septic tanks shall be inspected and approval obtained therefore by the Health Department.

4. No loud speaking equipment shall be installed or operated without the authority of the zoning inspector and in that event such equipment shall be limited to the interior of buildings only. No other devices of amplifying sounds nature (sic) shall be used in the exterior areas.

5. Preventive measures shall be undertaken to alleviate any dust problem.

6. No burning of debris of any nature shall be performed without approval of a representative of the forest service.

7. Trash disposals shall be handled in a manner approved by the Health Department."

It is appellants' contention that the trial court's sole function was to review the Board's determination and decide whether it had abused its discretion; furthermore, that the trial court could not allow a variance in the terms of the ordinance unless unnecessary hardship was shown.

Section 8–7 of the Santa Cruz County Zoning Ordinance provides in part, that:

"[a]ny person aggrieved in any manner by an action of a Board of Adjustment may within thirty (30) days appeal to the Superior Court, and *the matter shall be heard de novo as appeals from the courts of the Justice of the Peace.*" (Emphasis added)

■ The complaint was filed pursuant to the Administrative Review Act, A.R.S. § 12–901 et seq. A.R.S. § 12–910 provides that no new or additional evidence in support of or in opposition to a finding, order, determination, or decision of the administrative agency shall be heard by the court, *except in the event of a trial de novo.* Since the Santa Cruz County Zoning Ordinance provides that the appeal be a trial de novo and since all parties proceeded on that theory, appellants' contention is without merit.

Article XII, Section 1, sets forth the common regulations for all residential districts. Subsection B provides that certain uses are permitted on appeal such as quasi-public buildings, churches and non-profit clubs and similar social and recreational activities. Article XII, subsection 7, sets forth the requirements and the restrictions for properties zoned "General Rural". Subsection B of that section provides that all uses permitted on appeal in "Common Regulations" for all residential districts are permitted in "General Rural" zones.

The guidelines to be used by the Board of Adjustment in granting or denying applications for variances or use permits are set forth in § 8–4, subsections C and D:

"C. A Board of Adjustment may allow a variance from the terms of the ordinance when, owing to peculiar conditions, a strict interpretation would work an unnecessary hardship, if in granting such variance the general intent and purposes of the zoning ordinance will be preserved.

D. A Board of Adjustment may permit uses specified as 'Permitted On Appeal' subject to such conditions as said Board may require to preserve and protect the character of the district when the use, if controlled as to number, area, location or relation to the neighborhood would promote the public health, safety, welfare, morals, comfort, convenience, appearance, or general welfare."

■ In order for a Board of Adjustment to allow a use variance upon the grounds of unnecessary hardship, the record must show that (1) the land in question cannot yield the reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself and (3) that the use to be authorized by the variance will not alter the essential character of the localities. Otto v. Steinhilber, 282 N.Y. 71,

24 N.E.2d 851 (1939). 2 R. Anderson, American Law of Zoning § 14.16 (1968). Furthermore, a use variance should not be granted when hardship consists of building improvements without a building permit and in violation of the law. Newcomb v. Teske, 225 Minn. 223, 30 N.W.2d 354 (1948); Del Toro v. Zoning Board of Review, 82 R.I. 317, 107 A.2d 460 (1954). There is no doubt that under the facts of this case appellees did not show the unnecessary hardship which would justify the granting of a variance.

However, the standard to be applied to the uses "permitted on appeal" is not that of unnecessary hardship but only those set forth in § 8–4D. The record amply demonstrates that the majority of the citizens' complaints had already been corrected, that the conditions imposed by the court are calculated to assure that they do not reoccur and that uncorrected conditions are remedied.

Appellants contend that since the complaint and the appeal to the Board of Adjustment were all in terms of a variance the trial court cannot look to § 8–4D but must confine itself to § 8–4C dealing with variances. We do not agree. Since the superior court trial was not in the nature of a review but a trial de novo the court could do as the Board of Adjustment could have done in the first instance. In other words, the court could treat the appeal for a variance as an appeal for a special use permit. Cf. Dooling's Windy Hill, Inc. v. Zoning Board of Adjustment, 371 Pa. 290, 89 A.2d 505 (1952).

Affirmed.

KRUCKER, J., and ROBERT B. BUCHANAN, Superior Court Judge, concur.

NOTE: HATHAWAY, J., having requested that he be relieved from consideration of this matter, ROBERT B. BUCHANAN, J., was called to sit in his stead and participate in the determination of this decision.