## Richmond

### BOARD OF ZONING APPEALS OF THE CITY OF VIRGINIA BEACH

### V.

### STANLEY S. NOWAK

Record No. 812014.

April 27, 1984.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Thomas, JJ., and Gordon, Retired Justice

*Charles M. Salle', Assistant City Attorney*, for appellant.
*Joseph L. Lyle, Jr. (Pickett, Lyle, Siegel, Drescher & Croshaw, P.C.,* on brief), for appellee.

PER CURIAM.

On November 5, 1980, the Board of Zoning Appeals of the City of Virginia Beach denied the application of Stanley S. Nowak for

a variance reducing a side yard setback from twenty-five feet to seventeen feet. On Nowak's petition, the trial court awarded a writ of certiorari to review the Board's action. Code § 15.1-497. After a hearing, the trial court entered a final order on August 26, 1981, reversing the Board's decision and granting Nowak the requested variance.

The record discloses that Nowak is the contract purchaser of a vacant residential lot in the City of Virginia Beach. The lot is located at an intersection formed by two public streets, Whiteside Lane and Branch Circle. Nowak proposes to build a house on the lot facing Whiteside Lane. Under the city zoning ordinance, a fifteen-foot side yard setback is normally required, but, because the side of Nowak's lot abuts a public street, the setback requirement is increased to twenty-five feet.

Branch Circle is not a through street; it consists of a cul-de-sac approximately one hundred feet in width on which only three lots abut. There is little likelihood Branch Circle will be extended because a body of water borders the rear of the lots through which an extension would pass.

Nowak purchased the plans for his home before he first saw the lot. Because of the structure's width, he cannot place it on the lot the way he wants without a variance from the twenty-five-foot side yard restriction. The house could be placed on the lot without violating the setback requirement by shifting its position, but this would "not . . . suit [Nowak]."

At the certiorari hearing in the court below, Nowak produced an expert witness who testified that the purpose of the increased setback requirement was to provide sufficient visibility for "cars entering or leaving [the] cul-de-sac." The witness opined that, because the cul-de-sac was double the width normally required, there would be "plenty of visibility" for drivers of vehicles at the intersection, even with a residence located as Nowak proposed.

In a written opinion, the trial judge stated that the Board had applied erroneous principles of law in denying Nowak's request for a variance. The court wrote that, while Code § 15.1-495 authorizes the granting of a variance for "unnecessary hardship," a board of zoning appeals must consider not only whether a hardship exists but also whether some public purpose would be served by the literal enforcement of a zoning regulation against the specific land involved. Yet, the court stated, the Board considered only the extent of Nowak's hardship and did not explore the ques-

tion whether the purpose of the ordinance would be furthered by its application to Nowak's property.

Continuing, the trial judge said that "[i]f no public purpose is served by the application of an ordinance to a specific parcel of land, then a restriction of the use of that land is an *unnecessary* hardship, no matter how slight a hardship it might be." (Emphasis in original.) After reviewing the factual situation in the case, the judge concluded that "the application of the ordinance to this particular parcel of land will not serve a valid public purpose."

We disagree with the trial court. The correct principles of law governing a board of zoning appeals when considering a request for a variance are outlined in Code § 15.1-495(b) and are explicated in *Packer* v. *Hornsby*, 221 Va. 117, 267 S.E.2d 140 (1980). In *Packer*, we said that Code § 15.1-495(b) "empowers a board [of zoning appeals] to grant a variance when 'owing to special conditions a literal enforcement of the provisions [of a zoning ordinance] will result in unnecessary hardship.'" 221 Va. at 120, 267 S.E.2d at 141. The Code section, we said, lists the "special conditions" and, in effect, defines "unnecessary hardship" as one occurring "when 'the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the use of the property' or create 'a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant.'" *Id.* at 120-21, 267 S.E.2d at 141-42.

Continuing, we pointed out that under Code § 15.1-495(b), a board of zoning appeals cannot grant a variance unless it makes three findings specified in the statute:

(1) That the strict application of the ordinance would produce undue hardship.

(2) That such hardship is not shared generally by other properties in the same zoning district and the same vicinity.

(3) That the authorization of such variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance.

Summarizing, we said that "not only must an applicant show the existence of at least one of several 'special conditions' which would cause compliance with a zoning ordinance to result in an 'unneces-

sary hardship', but the board of zoning appeals must find that the three enumerated tests are satisfied."* 221 Va. at 121, 267 S.E.2d at 142.

The applicants in *Packer*, property owners in Virginia Beach, sought a variance from oceanfront and sideline setback requirements to accommodate additions to an existing dwelling. The board of zoning appeals granted the variance and the trial court reversed the board's decision. We affirmed the trial court, stating:

> Manifestly, the [applicants] do not face a "hardship approaching confiscation", nor has their use of their land been effectively prohibited or unreasonably restricted. . . . [The applicants] can enlarge the house without violating the setback requirement by adding to the west side of the structure. The evidence shows that the [applicants] simply would prefer to expand to the east in order to have a better floor plan with a better view of the ocean.

*Id.* at 122, 267 S.E.2d at 142-43.

Nowak, the applicant here, is entitled to fare no better than the applicants in *Packer*. He does not face a "hardship approaching confiscation" any more than did they and the use of his property has not been effectively prohibited or unnecessarily restricted to any greater degree than was theirs.

This is not a case of "unnecessary hardship" but a situation where, as an alternative to violating the setback requirement, an applicant for a variance need only shift the position of the structure he proposes to build. Understandably, this alternative does not "suit" the applicant. But to grant him a variance under these circumstances would bestow upon him a "special privilege or convenience," and this is impermissible under Code § 15.1-495(b).

We hold, therefore, that the trial court erred in reversing the Board's decision and in granting Nowak the requested variance. The court's judgment will be reversed, and final judgment will be entered here reinstating the Board's decision denying the variance.

*Reversed and final judgment.*

---

* Because, as we will demonstrate *infra*, Nowak did not prove "unnecessary hardship," the Board could not make the finding required by the first of the three tests and, therefore, did not reach the other two.