JOHN A. BAUM, ET AL.

V.

UNA M. LUNSFORD

Record No. 841853

March 4, 1988

Present: All the Justices

*R. J. Nutter, II (Grover C. Wright, Jr., P.C.,* on brief), for appellants.

*Gerrit W. Benson (Stephen J. Kecskes; McCardell, Donnelly, Benson & Miller, P.C.*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In this declaratory judgment proceeding involving the subdivision ordinance of the City of Virginia Beach, Una M. Lunsford received from the trial court a declaration that she was wrongfully denied a variance which would have permitted a subdivision of her land. Finding the trial court's action erroneous, we will reverse.

The record shows that Lunsford owns and resides upon Lot 12 in Alanton Subdivision in Virginia Beach. Alanton was platted in 1925, prior to adoption of the city's subdivision ordinance.

Bordering Linkhorn Bay, Lot 12 contains 2.39 acres. The lot was acquired in 1949 by Lunsford and her husband, since deceased, under a deed which permits subdivision of the lot into "not . . . more than two parts."

Lot 12 is zoned R-1 Residential District, requiring a minimum lot area of 40,000 square feet. Lunsford proposed to subdivide the parcel into two lots, with each containing more than the 40,000 square-foot minimum.

Section 4.4(b) of the subdivision ordinance incorporates by reference the zoning ordinance of Virginia Beach which in turn requires that a lot in an R-1 district have a width of 125 feet at the 50-foot front yard minimum setback line. Section 4.4(d) requires that each lot in a subdivision have "direct access to a public street."

Lot 12 is "pie" or "wedge" shaped and has only a width of 66 feet at the 50-foot front yard setback line. Furthermore, the lot has access to a public street only by way of a private road over which Lunsford has "a perpetual right of way." Hence, Lot 12 is nonconforming with respect to both §§ 4.4(b) and 4.4(d), and the two lots in Lunsford's proposed subdivision would also be nonconforming in the same respects.

Pursuant to § 9.3 of the subdivision ordinance, Lunsford filed an application for a variance with the city planning commission on March 23, 1983. The commission conducted a hearing on the application on May 12, 1983, and recommended approval. City council heard the matter on June 20, 1983, and denied the application. On July 19, 1983, Lunsford filed the present declaratory judgment proceeding and, as previously noted, received a declara-

tion from the trial court that council's action was illegal. The individual members of council then initiated this appeal.*

■ Section 9.3 of the subdivision ordinance provides in pertinent part:

> The city council may authorize in specific cases such variances from the strict application of the terms of this ordinance as will not be contrary to the public interest . . . , provided that the spirit of this ordinance shall be observed and substantial justice done.
>
> No variance shall be authorized by the city council unless it finds that:
> (a) Strict application of the ordinance would produce undue hardship.

Section 9.3(d) provides in part that "[p]ersonal . . . hardship shall not be considered as [a ground] for the issuance of a variance."

The parties engage in prolonged debate on the question of Lunsford's burden of proof in establishing a hardship within the meaning of the subdivision ordinance. The City contends the burden should be the same as is imposed upon an applicant for a variance from the terms of a zoning ordinance, which burden is defined in Code § 15.1-495(b) as requiring a showing of "a clearly demonstrable hardship approaching confiscation." *See Bd. of Zoning App.* v. *Nowak*, 227 Va. 201, 204, 315 S.E.2d 221, 223 (1984).

Lunsford contends on the other hand that because § 9.3 is silent on the subject of confiscation, speaking only of an "undue hardship," a "less stringent interpretation of subdivision variance provisions makes sense." Zoning and subdivision concepts "are not synonymous," Lunsford opines. Zoning regulations, Lunsford states, relate to land use while subdivision regulations merely seek to promote uniformity of development. Hence, Lunsford concludes, "subdivision hardship . . . is something *less* than confiscation." (Emphasis in original).

---

* In addition to appellant John A. Baum, the council member-appellants are Nancy A. Creech, Harold Heischober, Barbara M. Henley, H. Jack Jennings, Jr., Louis R. Jones, Robert G. Jones, W. H. Kitchin, III, Reba S. McClanan, J. Henry McCoy, Jr., and Meyera E. Oberndorf. The appellants will be referred to *infra* as the City.

■ We find these arguments interesting but, in the view we take of the case, quite academic. We will assume, without deciding, that the term "undue hardship" means something less in a subdivision context than in a zoning context. Yet, we think that even under a lesser burden of proof, Lunsford has failed to establish an "undue hardship."

■ Lunsford concedes that "financial loss, standing alone, cannot establish [a] hardship sufficient to justify the granting of a subdivision variance." She argues, however, that financial loss "is a factor to be taken into consideration with the other reasons of hardship [she has assigned] and should not be ignored."

■ The "other reasons of hardship" Lunsford has assigned include the loss of "common law property rights to subdivide," loss of "the original deed subdivision property rights," loss of "an otherwise reasonable use," and "difficulty in resale." Except for the "difficulty in resale" ground, however, neither the record nor Lunsford's brief provides any factual or legal support for the "other reasons of hardship." And the "difficulty in resale" ground is supported only by Lunsford's self-serving testimony that prospective purchasers who wanted her "$210,000 lot" would not want her "$72,000 house" and those who wanted her "$72,000 house" would not want her "$210,000 lot." She did not indicate that any effort had been made to market the house and lot together.

Lunsford is left, therefore, with nothing but financial loss as a ground of hardship. True, her loss might be significant; she testified that the "difference in value [without a variance] would be close to $100,000." But, as Lunsford has correctly conceded, financial loss, standing alone, is not sufficient to justify the granting of a variance. *See Natrella v. Board of Zoning Appeals*, 231 Va. 451, 458, 345 S.E.2d 295, 300 (1986), and *Azalea Corp. v. City of Richmond*, 201 Va. 636, 641, 112 S.E.2d 862, 866 (1960). All Lunsford stands to suffer is a personal loss, and, under § 9.3(d) of the subdivision ordinance, that cannot "be considered as [a ground] for the issuance of a variance."

We will reverse the judgment of the trial court and dismiss Lunsford's petition for declaratory judgment.

*Reversed and dismissed.*