753 P.2d 193

**Barbara BURNS, General Manager of the Community Development Department of the City of Scottsdale, Maricopa County, Arizona, a municipal corporation, Plaintiff/Appellee,**

v.

**SPA AUTOMOTIVE, LTD., an Arizona corporation, Defendant/Appellant.**

**No. 2 CA–CV 88–0088.**

Court of Appeals of Arizona, Division 2, Department A.

April 5, 1988.

**504**

Office of the Scottsdale City Atty. by Fredda J. Bisman, Scottsdale, for plaintiff/appellee.

Fennemore Craig, P.C. by William L. Thorpe and Nancy L. Rowen, Phoenix, for defendant/appellant.

OPINION

HOWARD, Presiding Judge.

This is an appeal from the trial court's reversal of a decision of the Board of Adjustment of the City of Scottsdale granting a variance to SPA Automotive, Ltd. (SPA) to erect a free-standing sign larger in area than permitted by the Scottsdale City ordinances. There was more than one reason given by the trial court for its reversal, but we need only concern ourselves with one which we find determinative of this appeal. The determinative issue is whether the special circumstances upon which the application for a variance was based were created by SPA. The trial court concluded that they were, and we agree.

SPA is a new car dealership. It sought variances for a free-standing sign it wished to erect on the new premises of its Proche–Audi dealership located on McDowell Road in Scottsdale, Arizona. It also planned to operate a third dealership at this location. The agreements which SPA entered into with the three automobile manufacturers prohibited the manufacturers' names and logos from being included in a single dealership name. The agreements also required SPA to display the manufacturers' logos individually. Thus, the free-standing sign had to be large enough to meaningfully display three manufacturers' logos.

Article I, § 1.501 of Scottsdale's zoning ordinance gives the board the authority to grant variances. Article I, § 1.508 of the ordinance sets forth four requirements for granting a variance:

"A variance from the provisions of this ordinance shall not be authorized unless the board shall find upon sufficient evidence:

A. That there are special circumstances or conditions applying to the land, building or use referred to in the application which do not apply to other properties in the district; and

B. *That such special circumstances were not created by the owner or applicant; and*

C. That the authorizing of the variance is necessary for the preservation and en-

joyment of substantial property rights; and

D. That the authorizing of the application will not be materially detrimental to persons residing or working in the vicinity, to adjacent property, to the neighborhood or the public welfare in general." (Emphasis added)

██ The term "special circumstances" as used in the zoning ordinance is the functional equivalent of the word "hardship." Special circumstances or hardship are not created by the owner or applicant when they arise directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. *Garibaldi v. Zoning Board of Appeals of City of Norwalk*, 163 Conn. 235, 303 A.2d 743 (1972); *Salisbury Board of Zoning Appeals v. Bounds*, 240 Md. 547, 214 A.2d 810 (1965); *Deer–Glen Estates v. Board of Adjustment and Appeal of the Borough of Fort Lee*, 39 N.J.Super 380, 121 A.2d 26 (1956). A hardship which has been wilfully and intentionally created does not justify the granting of a variance. *Santa Cruz County v. Southern Arizona Christian Assembly, Inc.*, 22 Ariz.App. 507, 528 P.2d 1266 (1974). The rationale for the rule is best stated in *Garibaldi v. Zoning Board of Appeals of City of Norwalk*, supra:

"By its very definition, a variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner but by all subsequent owners. 2 Anderson, American Law of Zoning § 14.29, p. 662. It follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance. [citation omitted] Similarly, it is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance. [citation omitted] Hardships in such instances as these do not arise from the application of zoning regulations, per se, but from zoning requirements coupled with an individual's personal needs, preferences and circumstances. Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." 163 Conn. at 237, 303 A.2d at 745.

██ The special circumstances or hardship created here were self-inflicted by SPA's decision to be a three-car dealership.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.