## CIRCUIT COURT OF CAROLINE COUNTY

Eric S. Smith et al.

v.

Board of Zoning Appeals

December 15, 1989

Case No. CL89-000110

By JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the court reviews by certiorari a decision of the Caroline County Board of Zoning Appeals denying a variance from setback requirements in the zoning ordinance.

The property, a .78-acre parcel on Route 606, is zoned A-1. It is located in a rural area, surrounded by farms and timberland. The A-1 classification permits single-family dwellings only on ten acres of land or more. However, because this lot was created in 1906, long before enactment of the zoning ordinance, the County treats it as nonconforming. A landowner is permitted to construct a single-family dwelling on a nonconforming lot in an A-1 district provided a health department permit can be obtained for a septic system and all required setbacks can be met. The setback lines in an A-1 district for lots less than ten acres are: 125 feet from the public road, forty feet on each side, and forty feet at the rear.

Jim Harmon owns the subject property. He has contracted to sell it to Gary H. Watts, who in turn has contracted with Eric C. Smith and Lolita U. Brown to build a house

and to sell the land and house to them. The site plan locates the front of the house seventy-five feet from Route 606, thereby necessitating a variance from the front setback requirement in the ordinance.

Smith and Brown applied for a front setback variance. After a public hearing, the Board denied the variance on September 14, 1989.

This action was commenced in a timely fashion. Thereafter, a writ of certiorari was issued, the Board filed responsive pleadings, and the records of the Board relating to the case were certified to the court.

On December 6, 1989, the court heard arguments of counsel. No witnesses or other evidence was presented at the hearing. The court took the matter under advisement.

## Standing

First, the Board argues that Smith and Brown are not "persons aggrieved" by the Board's decision and are not entitled to a review.

Smith and Brown are contract purchasers of the subject property. The Board accepted their application for a variance and acted on it.

The phrase "persons aggrieved," as used in Virginia Code § 15.1-497, is intended to place limitations on the public's access to the courts with regard to complaints about zoning decisions. Clearly, the legislature did not intend to deny the applicants themselves a right of judicial review.

Therefore, Smith and Brown, whose application was accepted and acted upon, are proper petitioners.

Additionally, review is proper because Harmon, the fee simple owner, joined with Smith and Brown in the petitioner.

## Variance

For the most part, zoning laws are nonspecific and general in nature. They are not perfect and cannot be made perfect. Thus, for the purpose of providing some flexibility in the application of zoning regulations and to relieve isolated instances of unnecessary hardship, boards of zoning appeals have been created and, within

narrow limits have been given the authority to vary the terms of zoning ordinances. The purpose of such boards is to ameliorate the rigors of the necessarily general regulations and to eliminate slavish adherence to the precise letter of the ordinance where, in a given case, little or no good on the one side and undue hardship on the other would result from a literal enforcement. *See Board of Zoning Appeals of Alexandria v. Fowler,* 201 Va. 942 (1960); 21 M.J., *Zoning and Planning* § 6.

The state legislature enacts the enabling legislation upon which all local zoning ordinances depend. In Virginia, the General Assembly has authorized variances only in cases where strict enforcement of the zoning regulations would approach confiscation. *See Packer v. Hornsby,* 221 Va. 117 (1980); *Board of Zoning Appeals of Virginia Beach v. Nowak,* 227 Va. 201 (1984).

Virginia Code § 15.1-495 empowers boards of zoning appeals to grant variances when "owing to special conditions a literal enforcement of the [zoning ordinance] will result in unnecessary hardship; provided that the spirit of the ordinance shall be observed and substantial justice done . . . ." The purpose of a variance, according to the statute, is to "alleviate a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience." The statute specifically imposes a three-part test, so that no variance can be granted unless the board finds:

(1) that the strict application of the ordinance would produce undue hardship;

(2) that such hardship is not shared generally by other properties in the same zoning district and the same vicinity;

(3) that the authorization of such variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance.

"Undue hardship" is not defined in the statute, except that such hardship must be "clearly demonstrable"; it must be a hardship "approaching confiscation"; and it must be such that a strict application of the ordinance would "effectively prohibit or unreasonably restrict the utilization of the property." For the most part,

undue hardship, or unnecessary hardship, are judicially-defined terms.

Before the board, an applicant has the burden of showing that a special condition or circumstance exists which results in an "unnecessary hardship," as that term is defined by the statute and decisional law. The board must find that the three-part test is satisfied. *See Nowak, supra.*

In reviewing a decision of the board of zoning appeals, a court may not disturb that decision unless the board applied erroneous principles of law or, where the board's discretion is involved, unless the evidence proves that the board's decision is plainly wrong and violative of the purpose and intent of the zoning ordinance. Stated differently, a presumption of correctness attaches to judicial review of variance cases, and the court should not disturb the board's decision unless it is plainly wrong. *Packer*, supra; *Prince William County Board of Zoning Appeals v. Bond*, 225 Va. 177 (1983); M.J. *Zoning and Planning* § 6.

The petitioners do not claim that the Board applied erroneous principles of law in denying the variance. The denial involved the board's discretion, and it must be shown that, the Board's exercise of that discretion was plainly wrong.

The petitioners offered no testimony or other evidence. Instead, they contend that the court should determine from the record that the Board's decision was "plainly wrong." Because the parcel is small and triangular-shaped, the petitioners say it is obvious without further evidence that utilization of the parcel will be unreasonably restricted, *i.e.*, approaching confiscation, without a setback variance. For the following reasons, the court does not agree with the petitioners' assessment of the record.

In their application, Smith and Brown stated that they need the setback variance "to construct the home *purchasers desire to have*" (emphasis added). Further, they explained, the builder (Watts) "measured the lot and said the only way to get the home, well, and septic on this parcel with proper distances is if we can get permission for a 75 ft. setback." It does not follow that some other single-family dwelling, not necessarily the one "purchasers desire to have," cannot be constructed

on the parcel. Nor does it follow that some other placement, coupled perhaps with a shorter side setback variance, cannot be accommodated. The court is aware that a well and drainfield, as well as the house, must be properly located on this small lot, and that these placements are difficult to arrange, but there is no evidence in the record to establish that it cannot be done or that utilization of the parcel is otherwise prohibited or unreasonably restricted.

Of course, the reason why there is no such evidence in the record from which the court can find an abuse of discretion is that the petitioners did not appear before the Board to be heard in support of their application. Likewise, neither the landowner nor the builder was present to explain any unnecessary hardship. Apparently, they felt that their application and the site plan were enough. It was imprudent, to say the least, for the applicants to assume that the Board could look at the application, the plat, and the site plan, listen to its staff, hear the opposition of adjoining landowners, and conclude that the variance should be granted because of an "unnecessary hardship." In fact, the Board could not have reached any other conclusion than it did without anyone there to explain the applicants' position. The court cannot assume that the Board would have reached a different conclusion, if the applicants had appeared at the hearing and argued their case. In fact, it is difficult to imagine a case where the need for a variance can be established *per se* by the filing of an application and the submission of a site plan or plat.

On review, the court does not conduct a hearing de novo. Although the court may hear additional evidence on certiorari, the board's decision is presumptively correct and will not be overturned unless plainly wrong.

Here, the Board's decision, based on the evidence before it, was not plainly wrong. Accordingly, the relief sought in the petition is denied.