## GEORGE F. RILES, ET AL.

### v.

## BOARD OF ZONING APPEALS OF THE CITY OF ROANOKE, ET AL.

Record No. 921157

June 11, 1993

Present: All the Justices

*Arelia S. Langhorne* for appellants.

*E. Griffith Dodson, Jr. (Dodson, Pence, Viar, Woodrum & Mackey*, on brief), for appellee, Roanoke Mental Hygiene Service, Inc.

*Steven J. Talevi, Assistant City Attorney (Wilburn C. Dibling, Jr., City Attorney*, on brief), for appellee, Board of Zoning Appeals for the City of Roanoke.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this case, the trial court affirmed a decision of the Board of Zoning Appeals of the City of Roanoke (the Board) granting a variance from the City's zoning ordinance. On appeal, the dispositive question is whether the Board applied erroneous principles of law in granting the variance and the trial court, therefore, erred in affirming the Board's decision.

On March 19, 1991, Roanoke Mental Hygiene Service, Incorporated (the Applicant) applied to the Board for a special exception and variance that would allow the Applicant to operate a residential substance abuse group care facility for 24 persons. The Board denied the application when its members deadlocked by a 2-2 vote. The Board also denied the Applicant's request for a rehearing.

The Applicant then filed a petition for a writ of certiorari in the trial court. Code § 15.1-497. On October 23, 1991, the trial court, with the consent of the Applicant and the Board, remanded the case

to the Board "for a hearing by the Board and such further proceedings as it may determine."[1]

On December 3, 1991, the Board conducted another hearing and, by a 3-2 vote, approved the application. Thereupon, neighbors, George F. Riles and others (collectively, Riles), filed a petition for a writ of certiorari in the trial court, and the trial court consolidated their case with the Applicant's case.[2] After considering the record and conducting a hearing, the trial court, by orders entered May 14 and May 26, 1992, affirmed the Board's decision granting the special exception and variance.[3]

The subject property is a 13.414-acre tract located at 1919 Andrews Road, Northwest, in the City of Roanoke. The property is zoned RS-3, Residential Single-Family District, and a large house is located on the property. The property is in a predominantly "middle class" neighborhood, consisting of single-family dwellings, several churches, an elementary school, and a city park.

The Applicant contracted to purchase the property provided it could obtain a special exception and variance that would allow the Applicant to operate a group care facility for 24 residents. Persons would be confined in the facility, as an alternative to confinement in a jail or the penitentiary, for the conviction of drug and drug-related offenses. While confined in the facility, the residents would receive therapeutic treatment. The RS-3 zoning classification did not permit the proposed facility.

The property had been listed for sale for a number of months. In spite of realtors' diligent efforts, no offers to purchase had been received until the Applicant made its offer. The Applicant contended that denial of the variance would produce an unnecessary hardship.

We stated our well-established standard of review for a case like this in *Alleghany Enterprises* v. *Covington*, 217 Va. 64, 67, 225 S.E.2d 383, 385 (1976):

---

[1] In the view we take of the case, it is unnecessary to decide whether the trial court had the authority to order the remand.

[2] Riles had not become a party litigant before the case had been remanded to the Board.

[3] Riles, by several assignments of error, has challenged the Board's authority to conduct a "rehearing" and the validity of the vote that granted the application. In view of the decision we reach, however, we do not address those assignments.

A proceeding before the trial court under Code § 15.1-497 is not a trial *de novo*. There is a presumption that the Board's decision was correct and the burden is on the appellant to overcome this presumption. *Board of Zoning Appeals* v. *Combs*, 200 Va. 471, 476-77, 106 S.E.2d 755, 759 (1959). The court may not disturb the decision of a board of zoning appeals unless the board has applied erroneous principles of law or, where the board's discretion is involved, unless the evidence proves to the satisfaction of the court that the decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance. *Board of Zoning Appeals of Alexandria* v. *Fowler*, 201 Va. 942, 948, 114 S.E.2d 753, 757-58 (1960).

*Accord Board of Zoning Appeals* v. *Glasser Bros. Corp.*, 242 Va. 197, 200, 408 S.E.2d 895, 897 (1991).

■ The principles of law that govern a board of zoning appeals when it considers an application for a variance to a zoning ordinance are set forth in Code § 15.1-495(b).[4] That section provides, *inter alia*, that a board of zoning appeals is empowered to grant a variance when, "owing to special conditions[,] a literal enforcement of the provisions [of a zoning ordinance] will result in unnecessary hardship." The section defines "unnecessary hardship" as one that occurs when "the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the utilization of the property" or create "a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant." Code § 15.1-495(b); *accord Board of Zoning App.* v. *Nowak*, 227 Va. 201, 204, 315 S.E.2d 221, 223 (1984); *Packer* v. *Hornsby*, 221 Va. 117, 120-21, 267 S.E.2d 140, 141-42 (1980).

■ Additionally, a board of zoning appeals cannot grant a variance unless it makes three findings. These findings, as specified in Code § 15.1-495(b), are:

(1) That the strict application of the ordinance would produce undue hardship.

---

[4] On March 22, 1991, Code § 15.1-495 was amended by redesignating its subdivisions. However, the substance of Code § 15.1-495(b) was not amended.

(2) That such hardship is not shared generally by other properties in the same zoning district and the same vicinity.

(3) That the authorization of such variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance.

*Accord Glasser Bros. Corp.*, 242 Va. at 201, 408 S.E.2d at 897; *Nowak*, 227 Va. at 204, 315 S.E.2d at 223; *Packer*, 221 Va. at 121, 267 S.E.2d at 142.

Thus, an applicant must establish ''special conditions'' that would cause compliance with a zoning ordinance to result in an ''unnecessary hardship,'' and the board of zoning appeals must find that the three tests are satisfied. *Nowak*, 227 Va. at 204-05, 315 S.E.2d at 223; *Packer*, 221 Va. at 121, 267 S.E.2d at 142. Indeed, in variance cases, these prerequisite findings are crucial to the exercise of the power of judicial review that has been vested in the courts by the General Assembly. *Ames* v. *Town of Painter*, 239 Va. 343, 348, 389 S.E.2d 702, 704 (1990).

In the present case, the record is devoid of any evidence suggesting that ''special conditions'' exist so that a literal enforcement of the zoning ordinance will result in ''unnecessary hardship,'' *i.e.*, a hardship that would ''effectively prohibit or unreasonably restrict'' the use of the property or create ''a clearly demonstrable hardship approaching confiscation.'' The zoning classification does not unreasonably restrict the owners in the use of their property or create a hardship approaching confiscation. To grant the Applicant a variance under the facts presented would give it an impermissible ''special privilege or convenience.'' Moreover, the Board did not make the three findings required of it before granting a variance. We conclude, therefore, that the Board applied erroneous principles of law in granting the variance, and the trial court erred in affirming the Board's decision.

Accordingly, we will reverse the trial court's judgment, dismiss the application, and enter final judgment in favor of Riles.

*Reversed and final judgment.*