NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KAREN ADAMS; BONNIE CHAUNCEY-RIGGS; KARYIN GITLIS;
DAVID HANSON; BARBARA LLOYD; ANTONIO LOPEZ; ESTHER
MYERS; CHET MYERS; KIM PEARCE; FREDA ROTHERMEL,
*Plaintiffs/Appellants*,

*v.*

ROBERT GIGUERE; CITY OF TEMPE BOARD OF ADJUSTMENT; CITY
OF TEMPE; CITY COUNCEL OF TEMPE, *Defendants/Appellees*.

No. 1 CA-CV 16-0209
FILED 5-23-2017

Appeal from the Superior Court in Maricopa County
No. LC2015-000228-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Timothy A. La Sota, PLC, Phoenix
By Timothy A. La Sota
*Counsel for Plaintiffs/Appellants*

Tempe City Attorney's Office, Tempe
By Judith R. Baumann, Michael R. Niederbaumer
*Counsel for Defendants/Appellees City of Tempe Board of Adjustment, City of
Tempe, and City Council of Tempe*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

**¶1** Appellants (the Neighbors) challenge the superior court's ruling denying special action relief from a City of Tempe (City) Board of Adjustment (Board) decision granting variances to Appellee Robert Giguere. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** Giguere purchased residential property in Tempe intending to tear down an existing residence and build in its place a new home. After razing the existing structure, Giguere had two sets of plans prepared. Although both were approved by the City, the plans described the width of the right-of-way on the south side of the property inconsistently. This discrepancy resulted in the home ultimately being built twenty feet from the curb line as opposed to twenty feet from the property line, thereby placing the structure ten feet short of the City's twenty-foot setback requirement.

**¶3** Giguere did not discover the discrepancy until construction was nearly completed. He applied for two variances to accommodate the existing structure: one to address the inadequate front yard setback and the other to reduce the onsite driveway length requirement. A hearing officer initially denied Giguere's application. Giguere appealed that decision to the Board, which, after hearing from Giguere, City staff, and several of the Neighbors, granted both variances.

---

[1]    "When reviewing the superior court's denial of relief in a special action, we view the facts in the light most favorable to sustaining the court's ruling." *Abeyta v. Soos ex rel. Cty. of Pinal*, 234 Ariz. 190, 192, ¶ 2 (App. 2014) (quoting *Hornbeck v. Lusk*, 217 Ariz. 581, 582, ¶ 2 (App. 2008)).

**¶4**        The Neighbors sought special action relief in superior court pursuant to Arizona Revised Statutes (A.R.S.) section 9-462.06(K).[2]  The court denied relief.  The Neighbors moved unsuccessfully for a new trial and then timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), and -2101(A)(1), (5)(a).

## DISCUSSION

**¶5**        A zoning board has only those powers granted by applicable statutes and zoning ordinances.  *Pawn 1st, L.L.C. v. City of Phx.*, 239 Ariz. 539, 542, ¶ 14 (App. 2016) (citing *Arkules v. Bd. of Adjustment of Paradise Valley*, 151 Ariz. 438, 440 (App. 1986)).  The City's Zoning and Development Code (Code) authorizes the Board to grant a variance upon sufficient evidence of the following:

1.    That special circumstances are applicable to the property, including its size, shape, topography, location, or surroundings; and

2.    The strict application of this Code will deprive such property of privileges enjoyed by other property of the same classification in the same zoning district; and

3.    The adjustment authorized shall not constitute a grant of special privileges inconsistent with the limitations upon other properties in the vicinity and zone in which such property is located; and

4.    A variance may not be granted if the special circumstances applicable to the property are self-imposed by the property owner.

Code § 6-309(D); *accord* A.R.S. § 9-462.06(G)(2), (H)(2).  On appeal, the Neighbors argue the evidence does not support the granting of the variances.

**¶6**        In a special action challenging a board of adjustment decision, the superior court reviews the record that was before the board and determines whether the board acted arbitrarily or capriciously or abused its discretion.  *Austin Shea (Ariz.) 7th Street & Van Buren, L.L.C. v. City of Phx.*, 213 Ariz. 385, 392, ¶ 29 (App. 2006) (citing *Murphy v. Town of Chino Valley*,

---

[2]      Absent material changes from the relevant date, we cite a statute's current version.

163 Ariz. 571, 574-75 (App. 1989), and then *Pingitore v. Town of Cave Creek*, 194 Ariz. 261, 264, ¶ 18 (App. 1998). On appeal to this Court, we answer the same question addressed by the superior court and therefore review the same record.[3] *Austin Shea*, 213 Ariz. at 392, ¶ 32 (citing *Arkules*, 151 Ariz. at 441). "Neither court may substitute its opinion of the facts for that of the Board. Rather, if there is credible evidence to support the Board's decision, it must be affirmed." *Id.* at 392, ¶ 29 (quoting *Pingitore*, 194 Ariz. at 264, ¶ 18). As the party attacking the Board's decision, the Neighbors had the burden of showing the decision was "against the weight of the evidence, unreasonable, erroneous, or illegal as a matter of law." *Ivancovich v. City of Tucson Bd. of Adjustment*, 22 Ariz. App. 530, 535 (1974) (quoting *Mueller v. City of Phx.*, 102 Ariz. 575, 581 (1967)).

## I.  Special Circumstances

**¶7**        A finding of special circumstances, although not explicitly stated, was implicit in the Board's grant of the variance. *See* Code § 6-309(D) (authorizing a variance only where special circumstances exist); *Austin Shea*, 213 Ariz. at 393, ¶ 33 (citing *Coronado Co. v. Jacome's Dep't Store, Inc.*, 129 Ariz. 137, 139 (App. 1981)). The Neighbors argue insufficient evidence supports the finding that special circumstances justified the grant of a variance.[4] This Court has defined the term "special circumstances" as it appears within a similar ordinance to be "the functional equivalent of the word 'hardship.'" *Burns v. SPA Auto., Ltd.*, 156 Ariz. 503, 504-05 (App. 1988) (interpreting a zoning ordinance authorizing a variance upon proof, among other things, "[t]hat there are special circumstances or conditions applying to the land, building or use referred to in the application"). But, contrary to the Neighbors' suggestion otherwise, there is no Arizona authority suggesting a hardship qualifies for a variance only if it is completely unavoidable; rather, the hardship need only "arise directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." *See id.* at 505.

---

[3]        This case is complicated by the fact that the record on the relevant issues is slim. But the parties do not argue they had inadequate time and opportunity to present evidence to the Board or that the record is insufficient to decide the issues. Nor do we find that to be the case.

[4]        Although the Neighbors cite *Ivancovich* to support their position that a variance may be granted only in "exceptional circumstances," that seemingly enhanced standard originates from the City of Tucson Code, which is inapplicable here. 22 Ariz. App. at 535.

¶8        The Neighbors argue the situation presented here is similar to that in *Board of Zoning Appeals of Virginia Beach v. Nowak*, 315 S.E.2d 221 (Va. 1984).  We disagree.  In *Nowak*, the variance applicant purchased building plans for a home before he saw the lot and later discovered the proposed home, in the proposed location, would violate the applicable setback requirements.  *Id*. at 222.  Although the applicant could have shifted the home within the lot to meet the setback requirements, this did not suit the applicant's plans.  *Id*.  The Virginia Supreme Court held, under these circumstances, that the applicant failed to prove adequate hardship.  *Id*. at 223.  Here, however, the record reflects that impediments not under Giguere's control limited his ability to build toward the back of the lot.  According to the City's February 2015 Staff Report, "there is no sidewalk in front of the lot and a substantial right of way encroaches on the property [such that compliance with the existing setback requirements] would require the house to be placed further back on the lot, *where easements and power lines limit placement*."  (Emphasis added).  Giguere also described the right-of-way as "excessive" and informed the Board that it will never be used.  This information supports the Board's implicit finding that strict application of the setback would create a hardship to Giguere.

¶9        The Neighbors nevertheless argue these circumstances were not "special" because they were not unique to the Giguere property.  Although the Neighbors cite extra-jurisdictional cases to support their assertion that a variance is only proper if the special circumstance affects "only a small fraction of any one zone," *see, e.g., Topanga Ass'n for a Scenic Cmty. v. Cty. of L.A.*, 522 P.2d 12, 21 (Cal. 1974), uniqueness and peculiarity are not required under Arizona law.  Moreover, the Neighbors did not present any evidence or argument defining how small or large a fraction affected by a circumstance may be and still qualify for a variance, or suggest what percentage of the relevant zoning area in the immediate case, if any, is exposed to the same circumstances as the Giguere property.  *See, e.g., Pawn 1st*, 239 Ariz. at 544-45, ¶ 24 (considering the testimony of the property owner comparing the impact of eminent domain proceedings on the subject property and other properties "in a reasonably close radius" in determining whether the setback deprived the property of privileges enjoyed by others).  Credible evidence supports the Board's decision on this point, and we find no error.

## II.    Deprivation or Extension of Privileges

¶10        The Neighbors also argue insufficient evidence supports the finding that strict application of the Code will deprive Giguere of privileges enjoyed by neighboring property owners.  The superior court found

otherwise, noting other property owners had been granted variances to build structures within twenty feet of the property line. This finding is supported by the record. The Board was advised by the City's Senior Planner that the City had already approved "at least a dozen" variances in the area based on the lack of a sidewalk. And although the Neighbors dispute the existence and similarity of the other setback variances, resolution of conflicting evidence is the province of the Board and will not be disturbed on appeal. *See FL Receivables Tr. 2002-A v. Ariz. Mills, L.L.C.*, 230 Ariz. 160, 168, ¶ 34 (App. 2012) ("The fact finder is the sole judge of the facts and the credibility of the witnesses.") (citing *Walsh v. Advanced Cardiac Specialists Chartered*, 227 Ariz. 354, 361, ¶¶ 23-24 (App. 2011)).

¶11 The Neighbors nonetheless argue Giguere is not deprived of privileges because "if Mr. Giguere had simply built his house in the proper location, he would have built in accordance with the zoning code." But even if this is true, it is not the test. The record reflects Giguere was granted the same privilege as many of his neighbors — to erect a structure within the twenty-foot setback upon a showing of hardship — no more and no less. We find no basis for reversal.

### III. Self-Imposed Hardship

¶12 The Neighbors argue insufficient evidence supports the superior court's finding that the circumstances were not self-imposed. *See Rivera v. City of Phx.*, 186 Ariz. 600, 603 (App. 1996) (concluding a variance was improperly granted where the homeowner "created his own problem by providing the City with an erroneous site plan") (citations omitted); *Burns*, 156 Ariz. 503 (rejecting a request for a variance for a free-standing sign where the requesting party had created the hardship by entering into agreements with manufacturers that prohibited their names and logos from being included in a single sign). Although Giguere may well bear some responsibility for the erroneous placement of his home, the Neighbors' counsel admitted at oral argument that Giguere was not barred from receiving a variance simply because it was sought after the structure was built in violation of the zoning ordinances. Furthermore, the existence and location of the right-of-way, power lines, and easements — circumstances over which Giguere had no control — support the granting of the variance. Accordingly, the Neighbors have not shown any abuse of discretion.

### CONCLUSION

¶13 The superior court's orders are affirmed.

**¶14** The Neighbors request an award of attorneys' fees pursuant to A.R.S. §§ 9-462.06(K), 12-348(A)(2), and 12-2030(A). Section 9-462.06(K) merely authorizes an appeal from the decision of a municipal board and does not create a substantive right to fees. Both A.R.S. §§ 12-348(A)(2) and -2030(A) authorize an award of fees and expenses to a party who "prevails by an adjudication on the merits" of certain claims. Because the Neighbors are not the prevailing party, the request for fees is denied.



AMY M. WOOD • Clerk of the Court
FILED: AA

7