NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RED MOUNTAIN ASSET FUND IIA, LLC, *Plaintiff/Appellant*,

*v.*

STEVE BEUERLEIN, et al., *Defendants/Appellees,*

and

COBBLESTONE PROPCO, LLC, *Real Party in Interest/Appellee.*

No. 1 CA-CV 21-0113
FILED 12-23-2021

Appeal from the Superior Court in Maricopa County
No.  CV 2020-010818
The Honorable John R. Hannah Jr., Judge

**AFFIRMED**

COUNSEL

Timothy A. La Sota PLC, Phoenix
By Timothy A. La Sota
*Counsel for Plaintiff/Appellant*

Beus Gilbert McGroder PLLC, Phoenix
By Cassandra H. Ayres, Cory L. Broadbent
*Counsel for Real Party in Interest/Appellee Cobblestone*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Maurice Portley[1] joined.

---

**C A M P B E L L**, Judge:

¶1　　　　Petitioner Red Mountain Asset Fund IIA, LLC (Red Mountain) appeals from the trial court's order dismissing its Application for Order to Show Cause and Complaint for Special Action. Both documents challenged the City of Phoenix Board of Adjustment's decision to affirm grant of a use permit and variance to Cobblestone Propco, LLC (Cobblestone). For the following reasons, we affirm.

**BACKGROUND**

¶2　　　　Cobblestone owns property in Phoenix zoned as C-2 on which it intends to build an open carwash. A car wash is a permitted use for C-2 zoned property and "may be in an open building subject to a use permit." Phoenix Zoning Ordinance § 623(D)(41). The zoning ordinance also outlines yard, height, and area requirements for non-residential uses, including a landscaped setback of 25 feet, with a minimum landscaped setback of 20 feet for up to 50% of the frontage of the property. Phoenix Zoning Ordinance § 623(E)(4)(e).

¶3　　　　In November 2018, Phoenix granted Cobblestone conditional approval for a use permit for the open carwash and three variances to reduce required landscape setbacks. The approval for both the use permit and variances was dependent on Cobblestone meeting certain time stipulations, which Cobblestone did not meet. In February 2020, Cobblestone reapplied for a use permit and one variance to reduce the required landscape setback from 25 feet to 8 feet. Cobblestone proposed it would install an additional 15 feet of landscaping "within the city right of way between the curb and the property line." In substance, Cobblestone

---

[1]　　　The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

proposed providing 23 feet of landscaping, 8 feet on its own property and 15 feet on the city right of way.

**¶4**         A Zoning Adjustment hearing was held in March 2020.[2] The zoning administrator heard statements from representatives for Cobblestone and Red Mountain, and found that strict application of the ordinance meant Cobblestone would lose 25% of its property building envelope area, given the specific nature of Cobblestone's property. The zoning administrator considered Cobblestone's proposed site plans and approved the use permit and variance with two stipulations: Cobblestone must (1) apply and pay for building permits within eighteen months and (2) follow the site plan pertaining to the landscape setback.

**¶5**         Red Mountain appealed the zoning administrator's decision, and a Board of Adjustment hearing was held in August 2020. After hearing statements from Cobblestone, Red Mountain, and community members, the Board unanimously voted to affirm the zoning administrator's decision granting the use permit and variance with the two stipulations.

**¶6**         In September 2020, Red Mountain filed a Complaint in the superior court for statutory Special Action to challenge the Board of Adjustment's decision and also an Application for Order to Show Cause and for Injunctive Relief. Oral argument was held in January 2021 and the court found that the Board's decision was not arbitrary, capricious, or beyond its jurisdiction. The court denied Red Mountain's Application for Order to Show Cause and for Injunctive Relief and dismissed the Special Action. Red Mountain timely appeals.

## DISCUSSION

**¶7**         The only issue on appeal is whether the superior court was correct in sustaining the Board's decision. *See Ivancovich v. City of Tucson*, 22 Ariz.App. 530, 535 (1974). "In a special action to review a municipal board of adjustment decision, the [superior] court's primary purpose is to determine whether the board's decision was arbitrary and capricious or an abuse of discretion." *Murphy v. Town of Chino Valley*, 163 Ariz. 571, 574 (App. 1989). This court is "bound by the same standard of review as the superior court." *Id.* at 574. We presume the validity of the Board's decision unless it is "contrary to law, is not supported by substantial evidence, is

---

[2]         Due to a clerical error, the transcript for the Zoning Adjustment hearing is dated June 4, 2020. In fact, however, that hearing was held on March 26, 2020.

arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(F); *Pawn 1st, LLC v. City of Phoenix*, 242 Ariz. 547, 551, ¶ 9 (2017). However, we decide all questions of law and fact "without deference to any previous determination that may have been made on the question by the agency." A.R.S. § 12-910(F).

## I.     Use vs. Area Variances

¶8          Arizona law recognizes two types of variances: a use variance and an area variance. *Ivancovich*, 22 Ariz.App. at 536. A use variance grants the owner permission to use the property for something other than what is permitted in a zoning ordinance. *Id*. An area variance, at issue here, relieves a property owner from the "duty to comply with a zoning ordinance's technical requirements," which includes setback requirements. *Pawn 1st, LLC*, 242 Ariz. at 552, ¶ 14. An area variance is proper if the applicant shows "that strictly applying a zoning ordinance will cause 'peculiar and exceptional practical difficulties' that deprive a property of privileges enjoyed by similarly zoned properties." *Id*. at 550, ¶ 1.

¶9          Red Mountain argues that because the setback ordinance applies to all property owners, the setback requirement is not peculiar to Cobblestone's property, nor does it deprive Cobblestone's property of privileges enjoyed by similarly zoned properties. This argument ignores the standard outlined in *Pawn 1st*. In that case, the court adopted the requirement that an applicant "show that strictly applying a zoning ordinance [like the setback requirements here] will *cause* 'peculiar and exceptional practical difficulties' that deprive a property of privileges enjoyed by other similarly zoned properties." 242 Ariz. at 550, ¶ 1 (emphasis added). It is not the existence of the setback requirements that establish peculiar or exceptional circumstances, it is the effect of the setback requirement on a particular piece of property.

¶10          In this case, if the setback requirement was strictly applied to Cobblestone's property, it would create peculiar and exceptional circumstance because it would eliminate 25% of the property building envelope area. The setback requirement would deprive Cobblestone the privileges enjoyed by owners of similarly zoned properties because it would be unable to build a viable carwash on the property, a use within the permitted uses of property zoned C-2. For the reasons outlined below, we conclude the Board did not abuse its discretion in affirming Cobblestone's variance.

## II.     Area Variance from Setback Requirements

**¶11**          Red Mountain attempts to cast the Board's decision as an abandonment of the setback requirements. Nothing in the Board's decision changes the process for the granting of an area variance.  Phoenix Zoning Ordinance § 307 controls the authorization of a variance and provides that the zoning administrator "shall [a]uthorize upon application and hearing such variance from the terms of this ordinance as will not be contrary to the public interest." Phoenix Zoning Ordinance § 307(A)(9). The property owner must show that "a literal enforcement of any provisions of the ordinance would result in unnecessary property hardship." *Id*. The zoning administrator must also find sufficient evidence to establish four criteria: (1) special circumstances[3] exist "that do not apply to other properties;" (2) the special circumstances were not self-imposed; (3) "the variance is necessary for the preservation and enjoyment of substantial property rights;" and (4) the variance "will not be materially detrimental to persons residing or working in the vicinity, to the adjacent property, to the neighborhood, or to the public welfare in general." *Id*.

**¶12**          Red Mountain contends that the Board did not discuss the merits of Cobblestone's variance application. The record belies this contention. At the Zoning Adjustment hearing, Cobblestone presented evidence that previously it had been granted three variances and evidence of its new site plan removing the need for two of the three previously granted variances. As it related to the first and second criteria, Cobblestone presented evidence about the shape and size of the lot, and explained that the site was  landlocked and without cross access to the rest of the center. In support of the fourth criteria, Cobblestone presented evidence that developing the vacant lot would positively impact the surrounding community because the property is currently undeveloped.

**¶13**          The zoning administrator made specific findings for each of the criteria required by § 307. First, the zoning administrator found a special circumstance existed "due to the site's unusually narrow plus deep shape, as well as the size." Second, the zoning administrator found that the special circumstance was not self-imposed because C-2 zoning allows for a carwash and "to require a different business would be a denial of property

---

[3]          Although the zoning administrator referred to special circumstances and hardship interchangeably in its decision, "[t]he term 'special circumstances' as used in the zoning ordinance is the functional equivalent of the word 'hardship.'" *Burns v. SPA Automotive, Ltd.*, 156 Ariz. 503, 505 (App. 1988).

rights." The zoning administrator concluded that, without a variance, Cobblestone could not develop the property as intended. Finally, the zoning administrator found that granting the variance would not cause a detriment to the community because Cobblestone's intended use was "less intense" than other drive-through businesses.

¶14        The Board's decision to uphold Cobblestone's variance was supported by substantial evidence developed before the zoning administrator and presented to the Board. At the Board hearing, the Board members noted that Cobblestone's proposed use of the city right of way to provide up to 23 feet of landscape setback, although two feet short of the 25 foot setback requirement, was acceptable and provided a basis for affirming Cobblestone's use permit and variance. The Board then voted unanimously to uphold the variance granted by the zoning administrator. Cobblestone's statements and evidence at the Zoning Adjustment hearing and Board hearing were sufficient to satisfy the four criteria in § 307.

## 1.        Special Circumstances

¶15        Red Mountain argues that Cobblestone created the special circumstances by purchasing a lot that is too small for its intended purpose. A special circumstance is not self-imposed when "the owner wants to use the property in a way permitted to other similarly situated properties, but cannot do so because of externally imposed circumstances." *Pawn 1st, LLC*, 242 Ariz. at 555, ¶ 31. When the Board analyzes a claimed special circumstance, it looks at the applicability of the circumstance to the property itself, rather than the property owner. *Id.* And our supreme court has expressly rejected a rule that would prohibit property owners from obtaining a variance simply because they knew the property was subject to area restrictions prior to purchase. *Id.* at 555, ¶ 32.

¶16        Cobblestone is entitled to develop the property for any use permitted within the C-2 designation. This includes developing an open carwash, but the size and shape of the property would likely prevent Cobblestone from being able to do so if the landscaping setback requirements are strictly applied. The shape and size of the property is clearly a special circumstance that applies to the property itself, because regardless of who owns and seeks to develop the property, the owner loses 25% of the usable property area to landscaping setback requirements. Even if Cobblestone knew a variance would be necessary to develop the property at the time it purchased it, Cobblestone was entitled to apply for a variance as outlined in § 307. *See Pawn 1st, LLC*, 242 Ariz. at 555, ¶ 32 (holding that an "owner's selection of a property, even with the knowledge that an area

variance is required for an intended use allowed on other similarly zoned properties, does not itself constitute a self-imposed special circumstance").

## 2. Substantial Property Rights

**¶17** Red Mountain next argues that a variance is unnecessary for Cobblestone to enjoy substantial property rights because the property could still be used for other uses permitted by C-2 zoning. Cobblestone is entitled to use its property for any of the uses permitted for property zoned C-2, including a car wash. *See* Phoenix Zoning Ordinance § 623(D)(41). The fact that the property could accommodate a restaurant, or some other use authorized for C-2 property, without the requested variances, is irrelevant. As the zoning administrator found, Cobblestone's business "is limited to certain machinery and operation restraints" and thus Cobblestone could not redesign its plans for another type of business. The zoning administrator properly rejected this argument because requiring Cobblestone to design a different business plan would be a denial of property rights.[4]

## III. Authority to Grant a Variance

**¶18** Red Mountain also challenges the authority of the zoning administrator and Board to grant a variance from the setback requirements. Red Mountain argues that by granting Cobblestone's application for a variance, the Board effectively changed the terms of the ordinance and only the City Council can make such a change. Taken to its logical conclusion, this argument would render the variance ordinance meaningless, because the Board would never be able to grant a variance. *See* A.R.S. § 9-462.06(H)(1); Phoenix Zoning Ordinance § 303(B)(2)(a). That conclusion would be contrary to the directive that, in construing text like the ordinance, we "give meaning to all the language used in a statute and avoid an interpretation that renders a term either duplicative or meaningless." *Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, 178, ¶ 141 (App. 2004) (citation and quotation omitted).

**¶19** The Board has the authority to "[h]ear and decide appeals for variances from the terms of the zoning ordinance." A.R.S. § 9-462.06(G)(1); *see also* Phoenix Zoning Ordinance § 303(B)(1)(b). And the Board does not

---

4       Red Mountain argues that because Cobblestone did not meet its burden for a variance, its use permit should also be reversed. Because the record supports the Board's decision to uphold Cobblestone's variance, Red Mountain's argument to reverse the use permit fails.

change the terms of the ordinance by acting pursuant to this authority to grant a variance. A variance is specifically limited to the property at issue and has no effect on the ordinance as a whole. We decline to adopt Red Mountain's interpretation of the Board's authority, nor do we find anything in the record to suggest that the zoning administrator or the Board abused its discretion here. The Board had sufficient evidence before it to uphold the zoning administrator's decision to grant Cobblestone's application for a variance and use permit.

## CONCLUSION

¶20 For the foregoing reasons, we affirm the superior court's order. Neither party has requested attorney's fees, but as the prevailing party on appeal, Cobblestone is entitled to recover its taxable costs upon compliance with ARCAP Rule 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA