# CIRCUIT COURT OF THE CITY OF RICHMOND

Alan T. Shaia
and Wayne T. Shaia

    v.

City of Richmond

Case No. CL11-4059

The Lamar Co., L.L.C.

    v.

City of Richmond

Case No. CL11-4060

January 17, 2013

By Judge Melvin R. Hughes, Jr.

In this case, the owners of real property and the owners of a sign located on the property appeal a denial of their application for a variance by the Board of Zoning Appeals (BZA).

The property consists of two acres on the tip of Mayo Island which is surrounded on three sides by the James River. The tract in question is devoted exclusively to a billboard sign which has been found by this court in a similar appeal in 2000 to be in violation of height restrictions▮ After that 2000 ruling, the appellants have sought a variance to permit the use of the property with the billboard above the height regulation.

The record in this appeal in many instances refers to a long and protracted history of the applicants and the City of Richmond over the legality of the sign. The sign, a 97 foot billboard, owned by petitioner Lamar under a lease with petitioners Alan and Wayne Shaia, was erected in 1977 on Mayo Island. When the Shaias acquired the property in the early 1990s, the sign was in place. In 2000 in an appeal to this court from a Board of Zoning Appeals, the court upheld the BZA decision that the sign violated a 45 foot height restriction. Thereafter, at a 2001 hearing before the BZA, the petitioners were denied a variance and were directed to seek a special use permit. At that time, the BZA observed that City Council could determine the most appropriate use for the property, and the petitioners in turn sought in 2004 City Council approval for a special use permit to maintain the sign at the 97 foot height. After failing to gain approval, it was not until 2006 that the City has sought in a separate action now pending to enforce this court's 2000 ruling finding that the sign violated the height restriction and requiring its removal or compliance.

The City of Richmond Charter § 17.20(b) and Va. Code § 15.2-2309(2) set out standards for allowing variances by the BZA. The charter provision tracks the language of the statute, except unlike the Charter, the statute no longer carries the language "hardship approaching confiscation" as a consideration for variance approval. The statute mentions a landowner's purchase in "good faith" and then sets out four general conditions in the disjunctive, any one of which a landowner may show to qualify property for consideration for a variance. Two of these deal with the physical shape and dimensions and topography of the property, another the condition and development of adjoining property and another speaks to any hardship of the owner if the variance is not granted. The statute then goes on to permit the grant of a variance by the BZA only if it finds that the "strict application of the ordinance would produce undue hardship relating to the property," "the hardship is not shared generally by other properties in the same zoning district in the same vicinity," and "the authorization of the variance will not be of substantial detriment to adjacent properties" and that "the character of the district will not be changed by the granting of the variance." Thus a variance can be approved only when the § 15.2-2309(2) criteria are met. As noted, the tract in question is devoted exclusively to a billboard sign for advertising. The other parcels of land near and adjacent to the tract in question have from time to time been allowed by their owners to be used for recreational and concert activities.

Turning to the record before the BZA, the minutes of the proceedings reflect that counsel for the sign owner and the land owners made presentations to the Board followed by counsel for the City of Richmond, who spoke in opposition. Throughout the presentations, Board members asked counsel questions often referring to prior proceedings when a variance was sought and denied in 2001. Significantly, counsel for the appellants admitted in

some places that the facts in the present request are no different than before but, in other places, suggest that the evidence of "good faith" purchase by the landowners was not entirely presented previously or that they failed to carry their burden of proof in this regard.

As noted, under Va. Code § 15.2-2309(2), the statute concerning the powers and duties of boards of zoning appeals begins with a reference that a landowner must show his purchase of the property in question was made in "good faith." Then, as noted, the statute begins a delineation of criteria for qualifying property for consideration of a variance followed by a list of findings required to grant one. However, the discussions before the Board in this appeal reveal that the 2001 proceedings included the 1999 record, during which time the issue of "good faith" had been addressed. Throughout, counsel made reference to a billboard sign of a competitor which was permitted to erect a sign above the height restriction in 2003 as evidence that this application should be allowed and a reliance by the appealing owners here before the City lodged an objection after they took title.

During the hearing, the appellants questioned whether the property can be devoted to other uses because it exists in a floodway. Thus, according to appellants, no other industrial uses could be permitted. However, a member of the Board questioned this observing that other land developers were known to develop their properties for permissible uses under a process which the appellants, through counsel, acknowledged and agreed. There was discussion that the landowners had subdivided property and, given common ownership, the property, recombined, could perhaps be rendered for some other viable use.

In these matters, a variance may only be approved by the BZA and only upon a finding that criteria under Va. Code § 15.2-2309(2) are met. *Sinclair v. New Cingular Wireless PCS, L.L.C.*, 283 Va. 567, 720 S.E.2d 543 (2012).

On the criteria for consideration of the variance, there is evidence that a "strict application" of the height restriction of the sign would work an undue hardship to the property owner. The appellants contend that the property has no other utility than maintaining the sign. There is evidence that the other properties share the same requirement of sign height restriction. Also, there is no evidence that allowing a variance would not amount to a "substantial detriment" to the adjacent properties or that the "character of the district" would not be changed by granting the variance. In these respects, the record makes no showing that the appellants were able to carry an admitted burden of proof that their case satisfies the statutory criteria for variance approval.

In addition to what has been stated, the record shows from some colloquy between board members and counsel several other topics: whether Va. Code § 15.2-2307 is applicable, the ability of the Shaias to seek a variance annually, that the owner and the sign owner entered into a lease with the knowledge that the sign had been declared illegal, whether there was a

building permit in place as of the Shaias' purchase, a special use permit for the entire island, the Shaias' business practices, the Shaias' failure to check on the height restriction at the time of purchase, the illegality of the sign, etc. Again, the record now is said to now have the same evidence under the same general criteria set by the law to be considered by the BZA as before.

To approve a denial of a variance on appeal, as here, the court need only find that the evidence presented to the Board was sufficient to make the question "fairly debatable." *Fairfax County v. Southland Corp.*, 224 Va. 514, 522-23 (1982). However, "[t]he court may not disturb the decision of a board of zoning appeals unless the board has applied erroneous principles of law or, where the board's discretion is involved, unless the evidence proves to the satisfaction of the court that the decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Board of Zoning Appeals of Alexandria v. Fowler*, 201 Va. 942, 948 (1960). No such finding can be made under the circumstances here.

Throughout, the appellants suggest that the sign had been in place since 1977, without any determination of its illegality at the time of purchase in 1991 and the fact that no objection was raised until 1996 and that they are well positioned to continue the status quo. However, under well known principles, estoppel does not apply to the government when it acts in a governmental capacity. *Westminster Canterbury of Hampton Roads, Inc. v. City of Virginia Beach*, 238 Va. 493, 503, 385 S.E.2d 561, 566 (1989); *Gwinn v. Alward*, 235 Va. 616, 621, 369 S.E.2d 410, 413 (1988).

As the BZA determination comes to the court presumed to be correct, upon judicial review, *Cherrystone Inlet v. BZA of Northampton County*, 271 Va. 670, 628 S.E.2d 334 (2006), and for the foregoing reasons, as the Board's decision can be said to be "fairly debatable," the outcome must be upheld.